**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gordon Fred JOHNSON, Defendant-Appellant.**

**No. 72–2601.**

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1973.

Keith C. Monroe, Santa Ana, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Barry Russell, Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit Judges, and SCHWARTZ, District Judge.*

PER CURIAM:

▉ Johnson was convicted of aiding and abetting the distribution of LSD, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In urging reversal, he claims that the trial court erred in determining that the defendant's extra-judicial statements were made freely and voluntarily, and in admitting the statements in evidence at the trial. He alleges, further, that the court failed to find that defendant had waived his *Miranda* rights, and, absent such a finding, deprived him of a fair trial by admitting the statements in evidence.

We conclude that the trial court's determinations were supported by the evidence. A hearing on the issue of voluntariness was held out of the jury's presence as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 2d 908 (1964). Upon hearing the conflicting testimony concerning the events surrounding the statements of March 7 and March 9, the court stated that it believed the testimony of the agents that the defendant had been advised of his rights on both occasions, and that it disbelieved the defendant's testimony. The court found that the defendant's decision to make the statements "constituted a reasoned choice," and that he made the statements freely and voluntarily.

▉ It is also apparent from the trial court's statement that defendant's decision "constituted a reasoned choice" that the court found defendant to have waived his *Miranda* rights. A *Miranda* waiver may be implied where warranted from the facts and circumstances of the particular case. United States v. Hilliker, 436 F.2d 101 (9th Cir., 1970). Though the court must find that a defendant waived his rights knowingly before it admits his statements in evidence, it is not required to express such finding in the exact same words in every case. After first denying any knowledge of drug activities, the defendant told one of the government agents that he wished to make a statement and wanted to cooperate with the government. He thereupon made two statements to the agents and offered to lead them to an LSD manufacturing operation on the island of Maui, Hawaii. The trial court properly inferred a waiver under the circumstances of this case.

Affirmed.

---

* Honorable Edward J. Schwartz, Chief Judge, United States District Court for the Southern District of California, sitting by designation.