### State of Vermont v. William Breznick

[356 A.2d 540]

No. 188-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed April 6, 1976

262

*John S. Liccardi,* Rutland County State's Attorney, and *Stephen Alan Dardeck,* Deputy State's Attorney, Rutland, for the State.

*Robert Edward West,* Defender General and *Robert M. Paolini,* Deputy Defender General, Montpelier, for Defendant.

**Billings, J.** This matter comes before the Court pursuant to defendant's appeal from a court trial resulting in his conviction under 13 V.S.A. § 3701(c), which dictates that:

> [a] person who, having no right to do so or any reasonable ground to believe that he has such a right, intentionally does any damage to property of any value not exceeding $250.00 [shall be fined, imprisoned or both].

Defendant's grounds for appeal present the Court with two central issues for resolution. First, defendant maintains that he did not knowingly and voluntarily waive his Fifth Amendment rights against self-incrimination and that, as a result, his confession was improperly admitted into evidence. Secondly, defendant contends that the State failed to prove all the necessary elements of the offense as contained in the criminal information. More specifically, defendant claims that the prosecution failed to meet its burden of proving beyond a reasonable doubt the date of the offense, the ownership of the tires, and the value of the property damaged.

The essential facts are not in issue. On 24 November 1973 State Trooper E. Lucas responded to a complaint filed by one Sandra Breznick, defendant's estranged wife, who claimed that "someone had slashed the four tires on her 1969 Plymouth Station Wagon". That evening Lucas located the defendant at his residence, and upon explaining the nature of his investigation, was invited into the house where he observed several hunting knives on a kitchen counter.

At the time, defendant voluntarily agreed to accompany Lucas to police headquarters for further questioning with respect to the matter under investigation. He was not under arrest. While traveling to police headquarters, and prior to any interrogation, defendant was advised of his rights as required by *Miranda* v. *Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant stated that he understood his rights and that he "didn't need a lawyer."

Upon arriving at police headquarters, defendant was again given his *Miranda* warnings and was offered a waiver of rights form which he declined to sign. Nevertheless, defendant voluntarily spoke with Lucas regarding the incident. Defendant was questioned by Lucas for approximately forty-five minutes, during which time he confessed that he had in fact slashed his wife's tires. However, when Lucas tried to secure a written confession from the defendant, he refused to sign it.

█ Defendant's first ground for appeal is predicated upon the contention that defendant's refusal to sign the waiver of rights form or the written confession effectively negates any knowing and voluntary waiver of his Fifth Amendment rights which might be implied by his oral waiver and confession. In short, defendant would have this Court rule that any custodial interrogation resulting in a confession must be corroborated by a statement or waiver of rights form signed by defendant in order for such confession to be admissible at trial. We cannot agree.

█ Custodial interrogation resulting in a confession violates the constitutional privilege against self-incrimination secured by the Fifth and Fourteenth Amendments of the United States Constitution unless the prosecution clearly demonstrates that the defendant has received the safeguards required by *Miranda* v. *Arizona, supra,* prior to interrogation and that he has knowingly and voluntarily waived his rights thereunder. The *Miranda* rule, accordingly, excludes all confessions flowing from custodial interrogation unless adequate warnings are administered and a waiver is obtained.

█ █ However, it is not necessary that a waiver of rights form or written confession be signed in order for the prosecution to sustain its burden of proof that a defendant

properly waived his Fifth Amendment rights. A *Miranda* waiver may be implied where warranted from the facts and circumstances of a particular case:

> Miranda v. Arizona requires only that the waiver of rights be made voluntarily, knowingly, and intelligently, and *not that it be made in writing.* (citation omitted; emphasis added).

*United States* v. *Speaks,* 453 F.2d 966, 969 (1st Cir.), *cert. denied,* 405 U.S. 1071, 92 S.Ct. 1522, 31 L.Ed.2d 804 (1972). See also *United States* v. *Johnson,* 474 F.2d 6 (9th Cir. 1973).

A defendant's refusal to sign either a waiver of rights form or a written confession is merely another of the facts and circumstances which must be weighed in order to determine if there has been a voluntary waiver of Fifth Amendment rights.

It is the task of the trial court as finder of fact to determine by a preponderance of the evidence if the defendant has knowingly and intelligently waived his Fifth Amendment rights. *State* v. *Harbaugh,* 132 Vt. 569, 326 A.2d 821 (1974). The court below found that defendant was given the proper *Miranda* warnings and that he knowingly and voluntarily waived his rights thereunder. Upon review, we are persuaded that such finding is supported by credible evidence; and, consequently, the ruling will not be disturbed. *State* v. *Rocheleau,* 131 Vt. 563, 313 A.2d 33 (1973); *State* v. *Blair,* 118 Vt. 81, 99 A.2d 677 (1953).

Defendant, in his second ground for appeal, contends that the State failed to meet its burden of proving the necessary elements of the offense: date of the offense, ownership of the tires, and value of the property damaged. For reasons which follow, defendant must necessarily fail in this contention.

The date an offense is committed is not an essential element unless it is descriptive of the offense charged. In the instant case, it need not be specifically proved, although defendant's voluntary confession is in fact proof of the date alleged. *State* v. *Girouard,* 130 Vt. 575, 581, 298 A.2d 560 (1972); *State* v. *Willett,* 78 Vt. 157, 62 A. 48 (1905).

■ Defendant's claim that the State failed to prove ownership of the property damaged by the required degree of proof is not supported by the record in view of Officer Lucas's unobjected to testimony that he observed Sandra Breznick's station wagon and the damage to the tires. This piece of evidence is further bolstered by defendant's voluntary confession. We find no error.

■ ■ Finally, defendant claims error in that there was no proof of the value of the property damaged. 13 V.S.A. § 3701 deals with unlawful mischief, and the several sections of the statute relate to the amount of damage inflicted and the penalties imposed therefor. 13 V.S.A. § 3701(c), the section here involved, mandates punishment for the minimal damage value. From the literal wording of the statute it is ambiguous whether the word "value" refers to the property damaged or to the damage itself. We construe the word "value" in this section as referring to the amount of damage inflicted, so that an offender will be subject to punishment proportionate with the quantum of damage inflicted as opposed to the value of the property damaged. Under the section dealing with minimal damage value, as is here the case, proof of the exact value of the damage done is not required to sustain a conviction. There was credible evidence that tires of some value were rendered valueless, and that is sufficient, especially where no prejudice has been shown by defendant. *State* v. *Lamelle*, 133 Vt. 378, 340 A.2d 49 (1975); *State* v. *Williams*, 94 Vt. 423, 438, 111 A. 701 (1920).

*Judgment affirmed.*