## State of Vermont v. Thomas Garvey

[595 A.2d 267]

No. 90-166

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed May 31, 1991

Motion for Reargument Denied June 21, 1991

*Robert M. Butterfield,* Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Rubin, Rona, Kidney & Myer,* Barre, for Defendant-Appellant.

**Morse, J.** The sole issue in this appeal is whether a DUI suspect's license may be suspended for refusing to submit to a blood alcohol test when no public defender can reasonably be reached before the suspect is required to decide whether to take the test. The superior court ruled that defendant's refusal, rendered without consulting an attorney, warranted the license suspension sanction. We disagree and reverse.

Just after midnight on July 23, 1989, defendant was processed for DUI at the Hardwick Police Department. As part of the process, defendant was advised:

You have the right to talk with a lawyer before deciding whether or not to submit to a test. If you cannot afford a

lawyer and want one, a Public Defender will be contacted for you, at the State's expense.

You have a reasonable amount of time in which to decide whether or not to submit to a test. If you want to talk to a lawyer first, you must decide no later than 30 minutes from the first attempt to contact a lawyer.

Defendant told the officer he wanted to talk to a lawyer before deciding whether to take a test to determine his blood alcohol level. The officer called fourteen lawyers, all of whom did not answer. Defendant even tried to reach a Connecticut lawyer, to no avail. Forty-three minutes after the officer first discussed taking the test, he made a last request that defendant take the test. After defendant again said he would not do so without speaking to a lawyer first, the officer deemed that defendant had refused.

The trial court concluded the officer had reasonable grounds to request the test and that defendant had refused the test. Therefore, the sanction provided by statute was triggered. 23 V.S.A. § 1205(a) (six-month suspension of operator's license).

■ The issue raised here was the subject of a dissent in *Gilman v. Commissioner of Motor Vehicles*, 155 Vt. 251, 253-55, 583 A.2d 86, 87-88 (1990) (Dooley, J., dissenting) (decided on narrower grounds). Based in part on the statutory analysis in that dissent, we conclude that defendant's license may not be suspended where a refusal is premised on the state's inability to provide him with a consultation with a lawyer before he was required to make up his mind whether to take the test.

The Legislature gave a motorist in defendant's position "the right to consult an attorney prior to deciding whether or not to submit to such a test." 23 V.S.A. § 1202(c). The State argues that this right is circumscribed by a condition that the decision be made "no later than thirty minutes from the time of the initial attempt to contact the attorney." *Id.* The State's position necessarily means that the Legislature intended that the right to counsel evaporates when one cannot be contacted within thirty minutes. To the contrary, we believe the Legislature intended that in any event legal consultation be available through the public defender law.

■ We held in *State v. Nicasio*, 136 Vt. 162, 165–66, 385 A.2d 1096, 1098–99 (1978), that the public defender law, 13 V.S.A.

§ 5234(a), requires notification of a public defender regardless of the financial need of a person detained "for a serious crime, under conditions in which a person with his own counsel would be entitled to be represented." Similarly, we hold that in all DUI cases—financial considerations of the suspect notwithstanding—a public defender shall be notified unless waived by the suspect or unless the suspect contacts an attorney of choice within thirty minutes, before a decision about taking the test is required. The rationale for contacting a public defender regardless of financial need is supported by the fact that many DUI arrests occur after normal working hours when attorneys are not as readily available to consult. Consequently, it is best to rely on a statewide legal-defense-services system to coordinate after-hours availability so that the intent of the Legislature in providing legal advice to DUI suspects can be fulfilled.

Arguably, our rule may tempt some public defenders simply to avoid answering the phone in the wee morning hours, thereby providing would-be clients a potential defense. This tactic is, of course, available any time a lawyer strategizes that ineffective assistance of counsel may be more effective from a client's point of view than a competent defense. We will not assume that a professional, whose reputation and professional license depend on the avoidance of chicanery, would make such use of our holding here. The only difficulty with our interpretation of the law is functional—that is, will the public defender system efficiently cover the late-night or early-morning calls? We have little doubt that statewide twenty-four-hour coverage of DUI calls is not an insurmountable management task.

*Reversed.*

**Gibson, J.**, dissenting. I respectfully dissent.

Our law gives a person a statutory right to consult an attorney before deciding whether to submit to an evidentiary DUI test. 23 V.S.A. § 1202(c); *State v. West*, 151 Vt. 140, 143–44, 557 A.2d 873, 875–76 (1988). This right is conditioned, however, on the consultation taking place within a prescribed period of time. Section 1202(c) provides that a person who is requested by a law enforcement officer to submit to such a test *"must* decide" whether to do so "within a reasonable time, but *no later than 30 minutes* from the time of the *initial attempt* to contact the at-

torney." (Emphasis added.) Clearly, the statute contemplates that thirty minutes is an outside limit within which to make the decision, whether or not the individual has been successful in the attempt to talk with an attorney during this period. The condition is a reasonable one, given the fact that a person's blood-alcohol level diminishes steadily once drinking has ceased and the alcohol consumed has been absorbed into the system. The Legislature was well within its prerogatives when it attached such a condition. *State v. Brean,* 136 Vt. 147, 152, 385 A.2d 1085, 1088 (1978) ("motorist's refusal right is not absolute, but has been made expressly conditional—a change that is manifestly within the prerogative of the Legislature").

In the instant case, the officer made a bona fide effort to contact an attorney for defendant for more than the required thirty minutes. Fourteen calls to attorneys went unanswered. The majority opinion presupposes that a deliberate tactic of not answering the telephone in the wee morning hours is a temptation to which professionals would not succumb. I can only note that this is not the first time we have encountered this phenomenon in this same county. See *Gilman v. Commissioner of Motor Vehicles,* 155 Vt. 251, 253–55, 583 A.2d 86, 87–88 (1990) (Dooley, J., dissenting) (seven unanswered calls within county plus one unanswered call to attorney in adjacent county). I believe the statute was fully complied with herein and that the trial court properly concluded that defendant had refused to give a sample of his breath after being accorded his legal rights.

I, therefore, dissent, and am authorized to say that the Chief Justice joins in this dissent.