### State of Vermont v. Thomas Pellerin

[637 A.2d 1078]

No. 92-413

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 17, 1993

*M. Patricia Zimmerman*, Windsor County State's Attorney, White River Junction, for Plaintiff-Appellee.

*William A. Hunter*, Windsor, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted, following a conditional nolo contendere plea, of sexual assault on a minor, 13 V.S.A. § 3252(a)(3). On appeal, defendant challenges the denial of his suppression motion. We reverse.

Defendant was arrested in April 1989 and taken to Vermont State Police offices, where one of the arresting officers read the *Miranda* rights to defendant. The court found that defendant, who had a prior criminal record, indicated he understood his rights, had no questions, and would talk to the officers without an attorney present. The court also found as follows:

> The defendant did not sign a written waiver. During the questioning the defendant did not request the questioning to stop at any time and did not ask for an attorney at any time. There was no evidence the defendant was made any promises to induce his Miranda waiver, nor was there any evidence of force to extract his waiver.

Defendant was questioned for fifteen to twenty minutes, after which an attorney telephoned to say he represented defendant. Following the call, there was no further questioning by the police.

Defendant entered a conditional plea of nolo contendere under V.R.Cr.P. 11(a)(2), subject to his motion to suppress evidence obtained through police interrogation. The court denied the motion, concluding that there had been no violation of defendant's rights under the Fifth or Sixth Amendments to the United States Constitution or under the Vermont Constitution. The court also concluded that Vermont's statute providing for a written waiver of the right to counsel, 13 V.S.A. § 5234, had not been violated. Defendant thereafter entered the conditional plea of nolo contendere, and this appeal followed.

13 V.S.A. § 5234 provides, in relevant part:

> (a) If a person who is being detained by a law enforcement officer without charge or judicial process . . . is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented, the law enforcement officer . . . shall:
>
> (1) Clearly inform him of the right of a person to be represented by an attorney and of a needy person to be represented at public expense; and
>
> (2) If the person detained . . . does not have an attorney and does not knowingly, voluntarily and intelligently waive his right to have an attorney when detained . . ., notify the appropriate public defender that he is not so repre-

sented. This shall be done upon commencement of detention . . . .

The requirements for an effective waiver of the right to counsel are set forth in 13 V.S.A. § 5237:

A person who has been appropriately informed under section 5234 of this title may waive in writing, or by other record, any right provided by this chapter, if the court, at the time of or after waiver, finds of record that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law. The court shall consider such factors as the person's age, education, and familiarity with the English language, and the complexity of the crime involved.

In *State v. Caron*, we held that to be valid and binding under § 5237, a waiver of the right to counsel must be in writing and signed by the person detained. 155 Vt. 492, 511–12, 586 A.2d 1127, 1138 (1990). "'The requirement that [the waiver] be written or otherwise recorded not only provides evidence of the act but makes clear that the mere absence of a request for counsel . . . cannot be construed as a waiver.'" *Id.* at 511, 586 A.2d at 1138 (quoting Handbook of the National Conference of Commissioners on Uniform State Laws § 7 Comment, at 277 (1970)).

In this case the trial court concluded:

Title 13 V.S.A. section 5234 provides the defendant his Sixth Amendment rights and how they are to be waived and has nothing to do with a waiver of Fifth Amendment rights. Here the defendant was waiving his Fifth Amendment rights only. His Sixth Amendment rights did not carry forward from the 1987 offense to this alleged offense and he had not asserted his Sixth Amendment rights to counsel at his waiver of the Fifth Amendment [sic] did not constitute a Sixth Amendment waiver of counsel[.] Therefore Title 13 V.S.A. section 5234 is not applicable to his Fifth Amendment waiver which does not need to be in writing . . . .

He waived his Fifth Amendment right and his interview was completed before [attorney for defendant] called the State Police station and his waiver was knowing, voluntary and intelligent and did not encompass a waiver of his right to counsel under the Sixth Amendment.

The court does not explain its conclusion that § 5234 applies only to the Sixth Amendment right to counsel, which attaches when a critical stage of the prosecution is reached. See *United States v. Wade*, 388 U.S. 218, 224–25 (1967). The statute, however, clearly requires the law enforcement officer who is giving *Miranda* warnings to notify a public defender "upon commencement of detention" if an unrepresented detainee does not properly waive the right to counsel. 13 V.S.A. § 5234(a)(2).

The State concedes that defendant did not sign a written waiver of his right to counsel, and does not contend that defendant failed to raise the issue properly at the motion stage. But the State argues that in 1989, when defendant was arrested, the outcome of the motion was controlled by our 1976 decision in *State v. Breznick*, 134 Vt. 261, 356 A.2d 540 (1976), and not our 1990 *Caron* decision. We cannot agree.

Though *Breznick* held that a *Miranda* waiver "may be implied where warranted from the facts and circumstances of a particular case," and that "[a] defendant's refusal to sign either a waiver of rights form or a written confession is merely another of the facts and circumstances which must be weighed in order to determine if there has been a voluntary waiver of Fifth Amendment rights," 134 Vt. at 265, 356 A.2d at 542, no § 5237 claim was made in *Breznick*. Our holding therein was clearly limited to the scope of the defendant's Fifth Amendment rights. The limits of the holding in *Breznick* are made clear in *Caron*, which cited *Breznick* as an example of prior case law that did not require a written waiver form signed by the defendant. 155 Vt. at 510, 586 A.2d at 1138. This case stands on no different footing than *Caron*. Once a construction of § 5237 is at issue, the requirement of a written waiver is clear. If a waiver was required and not given in the manner prescribed by statute, the evidence obtained in the subsequent questioning of defendant must be suppressed. See *State v. Nicasio*, 136 Vt. 162, 166, 385 A.2d 1096, 1099 (1978) ("[T]he policy reasons underlying *Miranda* and its subsequent cases require suppression of any statement obtained otherwise than by statutory compliance.").

*Reversed and remanded.*