# State of Vermont v. Francis H. Fuller

[660 A.2d 302]

No. 94-441

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 14, 1995

*Robert L. Sand,* Staff Attorney, Department of State's Attorneys, Montpelier, for Plaintiff-Appellant.

*Richard A. Axelrod* of *Axelrod & Adler*, St. Johnsbury, for Defendant-Appellee.

**Dooley, J.** The State appeals an order of the Caledonia District Court suppressing the results of a breath test because defendant did not execute a written waiver of his right pursuant to 23 V.S.A. § 1202(c) to consult an attorney prior to submitting to the test. We reverse.

On December 31, 1993, a police officer stopped defendant at a sobriety checkpoint in West Danville, Vermont after observing defendant operate his vehicle erratically. The officer decided to process defendant for driving while under the influence of intoxicating liquor (DUI) after detecting the smell of alcohol on his breath, and observing his slurred speech and inability to perform field dexterity tests. See 23 V.S.A. § 1201. The officer placed defendant in custody and interrogated him. Before doing so, the officer notified defendant of his right to be represented by a lawyer and the right to appointment of such a lawyer if defendant was a needy person. Thereafter, defendant signed a written waiver of these rights; this waiver is not challenged here. The waiver stated in part, "Knowing my rights, I agree to waive them." Following the waiver of rights, the officer asked defendant a series of questions, which defendant answered.

Following this questioning, the officer advised defendant of his rights under Vermont's implied consent statute, 23 V.S.A. § 1202, including defendant's right to consult with an attorney prior to deciding whether to submit to a breath test. See *id.* § 1202(c). This was done by reading statements from a form and checking a box each time the officer covered a subject or received a response from defendant. Defendant orally waived his right to consult with an attorney. The officer noted this waiver by checking the appropriate box on the form. After all the boxes were checked, defendant signed the form.[1] Thereafter, defendant took the breath test.

Defendant asked the court to suppress the breath test results during the civil suspension hearing held pursuant to 23 V.S.A. § 1205. On August 10, 1994, the trial court ordered that the results be suppressed. It reasoned that the implied consent statute, when read

---

[1] As the dissent acknowledges, this fact is not consequential to the decision. The DWI Processing Form, which is in the record, shows a signature of defendant's name on the line marked "Driver's Signature." The signature appears to be the same as that made by defendant to waive *Miranda* rights. The trial court made no finding whether this second signature was that of defendant because this fact is also not consequential to the trial court decision. Nor do I read the dissent as stating this fact affects its position.

in pari materia with 13 V.S.A. §§ 5234 and 5237 (provisions of the public defender act), required a written waiver of a defendant's right to consult counsel as provided in the implied consent law. The court concluded that breath test results obtained in the absence of such a waiver must be suppressed. The State appealed.

The State's two principal arguments on appeal are that (1) a written waiver of the right to counsel is not required if the right is conferred by a statute other than the public defender act, and (2) even if a written waiver is required, defendant executed a written waiver in this case. In the context of this case, we agree with the first argument and do not reach the second one.

■ Vermont's implied consent statute gives a person from whom a breath test has been requested by a law enforcement officer a right to consult an attorney prior to deciding whether to take the test. 23 V.S.A. § 1202(c). Subsection (d) of § 1202 requires that the officer inform the person of this right at the time the officer requests the test. A person who is asked to take a breath test must also be informed of the right to consult with an attorney at public expense. *State v. Gracey*, 140 Vt. 199, 200-01, 436 A.2d 741, 743 (1981). In this case, the parties do not dispute that defendant was adequately informed of his rights; they do disagree, however, about how defendant may waive those rights.

■■ Although it grants a right to counsel, § 1202 contains little detail about that right. When we have been called upon to define the nature of the right, we have often looked to the public defender act, specifically § 5234 of that act, reasoning that 23 V.S.A. § 1202 and 13 V.S.A. § 5234 should be read in pari materia.[2] See *State v. Garvey*, 157 Vt. 105, 106, 595 A.2d 267, 268 (1991); *Gracey*, 140 Vt. at 200-01, 436 A.2d at 743; *State v. Duff*, 136 Vt. 537, 539-40, 394 A.2d 1145, 1146 (1978). The critical decision in this line is *Duff*, where we held that the

---

[2] 13 V.S.A. § 5234 provides in pertinent part:

(a) If a person who is being detained by a law enforcement officer without charge or judicial process, . . . is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented, the law enforcement officer, . . . shall:

(1) Clearly inform him of the right of a person to be represented by an attorney and of a needy person to be represented at public expense; and

(2) If the person detained or charged does not have an attorney and does not knowingly, voluntarily and intelligently waive his right to have an attorney when detained or charged, notify the appropriate public defender that he is not so represented. This shall be done upon commencement of detention . . . .

person being processed for DUI must be informed "of his right to consult with counsel before deciding whether to submit to a chemical test." *Duff*, 136 Vt. at 539, 394 A.2d at 1146. Although the implied consent law did not explicitly contain this requirement, we drew it from the public defender act because only with such a requirement "can the right to consult an attorney be adequately safeguarded." *Id.* at 540, 394 A.2d at 1146. By similar reasoning, we required in *Gracey* that the person being processed for DUI be informed of the availability of counsel at public expense. *Gracey*, 140 Vt. at 200-01, 436 A.2d at 743.

■ Before we examine the application of this analysis to this case, two background points are important. First, the rights contained in the public defender act are not directly applicable to the right in the implied consent law to consult counsel before deciding whether to take a blood-alcohol test. The public defender act implements the general right to counsel provided by the Sixth Amendment to the United States Constitution as well as Article 10 of Chapter I of the Vermont Constitution. The right to consult with counsel contained in the implied consent law is purely statutory, created by 23 V.S.A. § 1202(c). It is not constitutionally mandated because the decision whether to take the breath test is not a critical stage of the prosecution. See *State v. Lombard*, 146 Vt. 411, 414, 505 A.2d 1182, 1184 (1985). Nor does the right to the advice of counsel created in *Miranda v. Arizona*, 384 U.S. 436 (1966), apply because the evidence sought is physical rather than testimonial. See *Veilleux v. Springer*, 131 Vt. 33, 42, 300 A.2d 620, 626 (1973).

■ Because of their different purposes, the right to counsel in the public defender act and the right to counsel in the implied consent law have different triggers. The former applies only when the defendant is "detained" or charged and only with respect to "conditions in which a person having his own counsel would be entitled to be so represented." 13 V.S.A. § 5234(a). The latter applies whenever a person is asked to take a blood-alcohol test irrespective of whether the person is detained at the time.

■■ The second background point is that in pari materia is a statutory construction technique, and not a rule of law. Thus, it is an "aid" to construction, to be relied upon where appropriate, see *State v. Desjardins*, 144 Vt. 473, 475, 479 A.2d 160, 161 (1984); *State v. Baldwin*, 140 Vt. 501, 511, 438 A.2d 1135, 1140 (1981), but not where it leads to a result not consistent with legislative intent. See *Finberg*

*v. Murnane*, 159 Vt. 431, 436, 623 A.2d 979, 982 (1992). We must also remember that it is inappropriate "to expand a statute by implication, that is, by reading into it something which is not there, unless it is *necessary* in order to make it effective." *State v. Jacobs*, 144 Vt. 70, 75, 472 A.2d 1247, 1250 (1984) (emphasis in original).

■ The trial court's analysis relies on in pari materia to apply to DUI processing not only the basic requirements of the public defender act as contained in 13 V.S.A. § 5234, but also its special waiver provision contained in § 5237. That statute provides:

> A person who has been appropriately informed under section 5234 of the title may waive in writing, or by other record, any right provided by this chapter, if the court, at the time of or after waiver, finds of record that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law.

13 V.S.A. § 5237. We construed § 5237 in *State v. Caron*, 155 Vt. 492, 586 A.2d 1127 (1990), where we held that a waiver of the right to counsel under *Miranda* must be in a writing created by the defendant's own actions. *Id.* at 511, 586 A.2d at 1138. While recognizing that the federal constitution does not require a written waiver, we concluded that the Vermont Legislature, through § 5237, does. *Id.* at 510-11, 586 A.2d at 1138. Any evidence obtained in violation of § 5237 must be suppressed. *State v. Pellerin*, 161 Vt. 229, 232, 637 A.2d 1078, 1080 (1993).

■ We agree with the trial court that if the right to counsel provision of the implied consent law is held to be in pari materia with the waiver provision of the public defender act, and the defendant failed to execute a written waiver of his right to counsel in the implied consent law, the breath test results must be suppressed. We disagree that we should hold these statutory provisions to be in pari materia, and, therefore, conclude that the written waiver requirement of 13 V.S.A. § 5237 is inapplicable to the waiver of the right to consult counsel prior to deciding whether to take a blood-alcohol test. Three reasons underlie our decision.

■ First, the waiver statute states specifically that it relates only to persons informed of the right to counsel under § 5234 and the waiver of rights created in the public defender act. Thus, by its terms, the statute does not apply to rights created by the implied consent law and advice given under that law. Where the statutory intent is

clear from the wording of the statute, it is inappropriate for us to use a secondary construction technique to evade the specific limits contained in the statute.

■ Second, a written waiver rule is not necessary to implement or "safeguard" the right to counsel. We have held that oral waivers of the right to counsel are effective under *Miranda*. See *Caron*, 155 Vt. at 508, 586 A.2d at 1136; *State v. Breznick*, 134 Vt. 261, 265, 356 A.2d 540, 542 (1976). If a constitutional right to counsel can be waived orally, it stretches our view of necessity to hold that a statutory right to counsel cannot be so waived. In the absence of necessity, we cannot look outside the implied consent law to define its scope and requirements.

■ Third, in this case defendant executed a written waiver to fully satisfy the requirement of the public defender act. He was told he had a right "to talk to a lawyer before questioning" and specifically, and in writing, waived that right. Requiring a written waiver a second time around to respond to a question of whether defendant will take the breath test is overly formalistic, even ritualistic.

*Reversed and remanded.*

**Gibson, J.,** dissenting. Today, the Court reaches its preferred result by ignoring precedent and creating false distinctions between two statutes that speak to the right to counsel. Accordingly, I respectfully dissent.

I begin by pointing out a factual error and an analytical flaw in the majority opinion. First, the majority states that defendant signed the implied-consent form after waiving his rights under 23 V.S.A. § 1202 and before taking the breath test. The trial court's findings do not support this statement. The court found that defendant did *not* execute a written waiver of his implied-consent right to counsel prior to taking the test. That finding is unsurprising given the State's failure to offer evidence that defendant signed the implied-consent form. Indeed, at oral argument, defense counsel reiterated that defendant would not concede that he had signed the form. The result reached herein makes this fact inconsequential. Nevertheless, the majority's misstatement serves as a tacit make-weight for its insupportable result.

Secondly, in its analysis, the majority asserts that the right to counsel in the public defender act has a different purpose from the right to counsel in the implied-consent law. As justification, the

opinion points out that the public defender act implements the Sixth Amendment and Article 10 rights to counsel,[1] whereas the right to counsel under § 1202 is legislatively conferred and has no constitutional counterpart. Thus, rather than citing purpose, as it purports to do, the majority refers instead to the underlying origin of each right to counsel. This analytical flaw of referring to the *source* of the right as its "purpose" permits the majority to ignore the essential purpose of the right to counsel, whether it be constitutionally or statutorily conferred. That purpose, of course, is to ensure that a person is adequately informed of the legal ramifications of a decision he or she is about to make. See *State v. Hunt*, 150 Vt. 483, 498, 555 A.2d 369, 378 (1988) (lawyer trained to provide legal assistance necessary to protect person's Fifth Amendment rights); *State v. Lombard*, 146 Vt. 411, 415, 505 A.2d 1182, 1184 (1985) (Legislature concerned that any decision to take breath test not be lightly decided, and therefore, provided for consultation with counsel prior to making of decision). Nowhere does the majority come to grips with this reality.

Recognizing the similar policies underlying the public defender act and the implied-consent right to counsel, we have stated:

> The taking of a chemical test involves . . . the making of a decision which may have ramifications in possible future criminal and civil proceedings. The results of the test, if taken and properly administered, are admissible into evidence in any resulting criminal prosecution. On the other hand, a refusal to take the test is also admissible into evidence in a criminal trial. Upon conviction, the defendant may be subject to a fine, imprisonment, or both. . . .
>
> . . .[W]e find the statutory policy, as embodied in 13 V.S.A. § 5234 and 23 V.S.A. § 1202(b), to require law enforcement officers to assist in [the] implementation [of the § 1202 right to counsel]. Only so read can the right to consult an attorney be adequately safeguarded.
>
> When a driver makes a complicated decision, without the option of consulting counsel as is his statutory right, he

---

[1] The majority either has overlooked the Fifth Amendment right to counsel under *Miranda* or does not believe that the public defender act implements that right as well. We have previously recognized, however, that 13 V.S.A. §§ 5234 and 5237 both apply to a defendant's Fifth Amendment right to counsel. See *State v. Pellerin*, 161 Vt. 229, 232, 637 A.2d 1078, 1080 (1993).

should not be bound by that decision, since he might with counsel have made it differently.

*State v. Duff*, 136 Vt. 537, 539-40, 394 A.2d 1145, 1146 (1978) (citations omitted). Indeed, we have treated the § 1202 right to counsel as a valuable right that means the right to a *"meaningful* consultation with counsel." *State v. West*, 151 Vt. 140, 144, 557 A.2d 873, 876 (1988) (emphasis added). In fact, this Court has deemed the § 1202 right to be so valuable that, unless it is waived, a person who has not had an opportunity to consult with counsel may not have his driver's license suspended for refusal to submit to a blood-alcohol test. *State v. Garvey*, 157 Vt. 105, 107, 595 A.2d 267, 268 (1991).

The majority goes on to say that due to their "different purposes," the public defender act and the implied-consent right to counsel "have different triggers." The public defender act is triggered by detention under conditions in which a person with private counsel would be entitled to representation. 13 V.S.A. § 5234(a). The implied-consent right, according to the majority, "applies whenever a person is asked to take a blood-alcohol test *irrespective of whether the person is detained at the time.*" (Emphasis added.) By identifying the trigger for the § 1202 right to counsel in this manner, the majority asks us to believe that there can be situations where a person asked to take a breath test is not being detained. That suggestion has little, if any, support in actuality. As we noted in *Duff*, "[t]he taking of a chemical test involves detention of the person by a law enforcement officer . . . ." 136 Vt. at 539, 394 A.2d at 1146. Cf. *State v. Hamm*, 157 Vt. 666, 667, 599 A.2d 1048, 1048 (1991) (mem.) (defendant refused to submit to breath test after being arrested and informed of his § 1202 rights); *Garvey*, 157 Vt. at 105-06, 595 A.2d at 267 (defendant was asked to take blood-alcohol test while being processed for DUI at police station); *West*, 151 Vt. at 141, 557 A.2d at 874 (after automobile accident, defendant was arrested, processed for DUI and asked to take breath test); *State v. Gracey*, 140 Vt. 199, 200, 436 A.2d 741, 742 (1981) (defendant arrested and taken to police station where she was asked to take breath test); *Duff*, 136 Vt. at 538, 394 A.2d at 1145 (defendant stopped by police after being observed driving car erratically, and asked to submit to breath test). The distinction the majority draws between the triggers of the public defender act and the implied-consent right to counsel simply does not exist.

I now turn to the three rationales underlying the majority decision, which, in inverse order, are: (1) defendant's written waiver of his *Miranda* rights satisfied the public defender act, and any additional

written waiver would be "overly formalistic, even ritualistic"; (2) because constitutional rights to counsel may be waived orally, necessity does not require any additional protection for a statutory right to counsel; and (3) by its terms, § 5237 applies only to rights conferred under the public defender act.

Under the first rationale, the majority implies that a defendant may validly waive his right to counsel without being informed of that right.[2] In this case, defendant was informed of his *Miranda* rights, and he executed a written waiver of those rights. After answering the officer's questions, defendant was then informed that he would be asked to take a breath test and that he had the right to speak with an attorney prior to making a decision about taking it. How defendant's written waiver of his right to consult an attorney before answering questions makes "formalistic" a subsequent written waiver of a different and previously unmentioned right is not explained. The fault for such "formalism" lies not with reading § 1202 and § 5237 in pari materia, as I believe must be done, but, rather, with the way defendant was informed of his rights and how and when he was asked to waive them. The "formalistic" result the majority wishes to avoid is easily cured by a slight change in the DUI procedure used by law enforcement officers. Instead, the majority reduces to second-class status the importance of the right to counsel under § 1202 and the justification for requiring a written waiver of that right. The majority also disregards that we have recognized that the § 1202 right to counsel is important enough to require a warning separate from the *Miranda* right to counsel. See *Gracey*, 140 Vt. at 201-02, 436 A.2d at 743 (warning that defendant could consult attorney at public expense before and during questioning held inadequate to inform defendant of right to consult attorney at public expense before deciding to take breath test).

The second rationale given by the majority is that a written waiver is not necessary "to implement or 'safeguard' the right to counsel." For support, the majority points to *State v. Caron*, 155 Vt. 492, 508, 586 A.2d 1127, 1136 (1990), and *State v. Breznick*, 134 Vt. 261, 265, 356 A.2d 540, 542 (1976), wherein oral waivers of the constitutional right to counsel were upheld. In its attempt to reach the result desired herein, the majority overlooks our discussion of these cases in *State v.*

---

[2] The majority refers to the second waiver as a waiver regarding the decision to take the breath test. That is not, however, the implied-consent right at issue in this case. Rather, the issue is whether defendant is required to waive in writing his § 1202 *right to counsel.*

*Pellerin.* There, we noted that (1) no § 5237 claim was raised in *Breznick,* (2) *Caron* cited *Breznick* to show that our prior law did not require a written waiver of the right to counsel, and (3) "[o]nce a construction of § 5237 is at issue, the requirement of a written waiver is clear." *State v. Pellerin,* 161 Vt. 229, 232, 637 A.2d 1078, 1080 (1993). The written waiver requirement does indeed "safeguard" the right to counsel. As we recognized in *Caron,* a written waiver ensures that a defendant's failure to request counsel is not construed as a waiver, and it provides evidence of the waiver. 155 Vt. at 511, 586 A.2d at 1138.

The final rationale used to support the result herein is the language of § 5237, which the majority believes limits the written waiver requirement to rights arising under the public defender act.[3] If we were construing § 5237 only, the majority's analysis might be persuasive. This case, however, concerns the right to counsel under § 1202 and how that right may be waived. Section 1202 does not contain a waiver requirement, but if that statute is read in pari materia with the public defender act, including § 5237, the failure to obtain a written waiver of the § 1202 right to counsel would require suppression of the breath test. The majority opinion acknowledges this fact.

This Court has recently explained when it would read statutes together in pari materia. In *Board of Trustees of Kellogg-Hubbard Library, Inc. v. Labor Relations Board,* 162 Vt. 571, 574, 649 A.2d 784, 786 (1994), the Court said: "Statutes are considered to be in pari materia when they deal with the same subject matter or have the same objective or purpose." Thus, we examine the purposes of the statutes to determine if they are closely enough related to be read together. Here, the purpose of the public defender act is to implement the right to counsel, whether arising by statute or constitution. That act, through § 5237, requires a written waiver to safeguard that important right. Because §§ 1202(c) and 5237 relate to the same subject matter and have the same purpose, they should be "construed with reference to each other as parts of one system." *In re Preseault,* 130 Vt. 343, 346, 292 A.2d 832, 834 (1972).

Significantly, we have already read § 5234 of the public defender act and § 1202 in pari materia to carry out the intent of the

---

[3] If the majority is serious that § 5237 applies to rights arising under the public defender act only, then one could read today's decision to mean that DUI suspects must execute a written waiver of their right to consult an attorney at state expense because that right arises under the public defender act. See *State v. Garvey,* 157 Vt. 105, 107, 595 A.2d 267, 268 (1991).

Legislature. See, e.g., *Garvey*, 157 Vt. at 107, 595 A.2d at 268; *Gracey*, 140 Vt. at 200-01, 436 A.2d at 743; *Duff*, 136 Vt. at 539-40, 394 A.2d at 1146. There is no reason to depart from that standard here where § 1202 is silent with respect to waiver. I therefore dissent.

I am authorized to say that Justice Johnson joins in this dissent.