**STATE of Vermont v. Christopher M. BERINI**

[701 A.2d 1055]

No. 96-549

July 28, 1997. The State appeals an order of the Orange District Court suppressing defendant's refusal to submit to a breath test because he was not afforded an opportunity to consult with an attorney. We affirm.

Defendant was arrested for driving under the influence. The arresting officer informed defendant of his right to speak with an attorney before deciding whether to submit to a breath test. Defendant refused to provide a sample without the advice of an attorney. Despite numerous attempts, the officer was unable to contact defendant's lawyer or a public defender. After approximately one hour, the

officer asked defendant to provide a sample, but defendant declined to submit without consulting an attorney. The officer concluded that this constituted a refusal.

Defendant moved to suppress the refusal on the ground that he was denied the opportunity to consult with counsel. Under the authority of *State v. Garvey*, 157 Vt. 105, 107, 595 A.2d 267, 268 (1991), the trial court granted the suppression motion. The State thereupon moved for permission to take an interlocutory appeal. V.R.A.P. 5(b). The court granted the motion.

Vermont's implied-consent statute gives a person from whom a breath test has been requested by a law enforcement officer a right to consult an attorney prior to deciding whether to take the test. *State v. Fuller*, 163 Vt. 523, 526, 660 A.2d 302, 304 (1995); 23 V.S.A. § 1202(c). In *Garvey* we held that a defendant's license may not be suspended where the "refusal is premised on the state's inability to provide him with a consultation with a lawyer before he was required to make up his mind whether to take the test." 157 Vt. at 106, 660 A.2d at 268. We specifically rejected the State's contention that the statute authorized the officer to record a refusal if, after thirty minutes, a lawyer could not be found. *Id.*

*Garvey* plainly controls in this case. Although the State invites the Court to reconsider and reverse *Garvey*, it offers no new evidence or persuasive rationale to demonstrate that the case was wrongly decided. While not slavish adherents to stare decisis, see *Cooperative Fire Ins. Ass'n v. White Caps, Inc.*, 166 Vt. 355, 356, 694 A.2d 34, 35 (1997), we generally require more than mere disagreement to overturn a decision, particularly one of such recent vintage.

*Affirmed.*

**Gibson, J.**, dissenting. I agree that this case is similar in all material respects to *State v. Garvey*, 157 Vt. 105, 595 A.2d 267 (1991). Nevertheless, because I believe the majority continues to misconstrue 23 V.S.A. § 1202(c), see *id.* at 107-08, 595 A.2d at 268-69 (Gibson, J., dissenting), I respectfully dissent.

In doing so, I note the Legislature recently acted to remove all doubt about the extent of a person's right to counsel prior to deciding whether to take an evidentiary DUI test. 1997, No. 56, § 2 ("The person must make a decision about whether or not to submit to the test or tests at the expiration of the 30 minutes regardless of whether a consultation took place.").

Accordingly, I would overrule *Garvey* and reverse the trial court decision. I am authorized to say that Chief Justice Amestoy joins in this dissent.