STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 133-12-19 Vtec

Founder's Hall Act 250 Appeal

**ENTRY REGARDING MOTION**

Appeal from Act 250 District Commission Decision (Docket No. 133-12-19 Vtec)

Title:        Motion to Dismiss (Motion 1)

Filer:        St. Michael's College

Attorney:        Matthew B. Byrne

Filed Date:        December 17, 2019

Response in Opposition filed on 12/26/2019 by Appellant Sara Dillon

Reply filed on 01/08/2020 by Attorney Matthew B. Byrne for Appellee/Applicant
        St. Michael's College

Further Opposition Response filed on 01/13/2020 by Appellant Sara Dillon, Appellant

**The motion is GRANTED.**

The matter before the Court concerns Sara Dillon's ("Appellant") appeal of an Act 250 District 4 Environmental Commission ("District Commission") decision to issue Land Use Permit #4C0320-29 to Saint Michael's College ("Saint Michael's"), pursuant to 10 V.S.A. §§ 6001-6093. The Permit specifically authorizes the dismantling and removal of Founder's Hall, the construction of new pedestrian walkways, and the establishment of a new lawn area ("the Project") located at 423 College Parkway in Colchester, Vermont. Presently before the Court is Saint Michael's motion to dismiss for lack of standing.

Saint Michael's asserts that this Court does not have subject matter jurisdiction to hear the appeal and Appellant does not meet the criteria for Act 250 party status under 10 V.S.A. § 6085(c)(1)(E). Appellant argues that she has standing to appeal as an aggrieved person whose particularized interest may be affected by the Project. Appellant also argues that since demolition of an historical building is fundamentally different from construction, Act 250 should require a more expansive interpretation of party status.

In the Act 250 context, a person may appeal a District Commission decision if the decision being appealed is the District Commission's grant or denial of party status. 10 V.S.A. § 8504(d)(2)(B). In the decision below, the District Commission denied Appellant standing, which Appellant timely appealed to this Court.[1]

---

[1] The District Commission held that Appellant did not have statutory standing to participate as an appellant because she "is not an adjoining property owner, nor does [Appellant] reside or work near Saint Michael's College . . . . [and] fail[ed] to state why her interests under Criterion 8 for Historic Sites are particularized and differ from

A party must have standing to bring an appeal for this Court to have subject matter jurisdiction over a matter. Therefore, we review a motion to dismiss for lack of standing under V.R.C.P. 12(b)(1). See In re Killington Village Master Plan Act 250 Application Appeal, No. 147-10-13, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. Aug. 6, 2014) (Durkin, J.). Under Rule 12(b)(1) the Court accepts as true all uncontroverted factual allegations and construes them in the light most favorable to the nonmoving party. In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.).

This Court's subject matter jurisdiction is limited to "actual cases or controversies." Parker v. Town of Milton, 169 Vt. 74, 76–77 (1998). Standing is an element of the case or controversy requirement that demonstrates a plaintiff has "suffered a particular injury that is attributable to the [proposed project] and that can be redressed by a court of law." Id. at 77. The existence of an actual controversy "turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest, or is merely speculating about the impact of some generalized grievance." Town of Cavendish v. Vermont Pub. Power Supply Auth., 141 Vt. 144, 147 (1982).

When considering an Act 250 appeal, party status is a term of art that indicates "that a party falls within a defined class of persons or entities" that may secure standing to participate at the District Commission or before this Court. In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) (citing 10 V.S.A. §§ 6085(c)(1), 8504(d)(1)); see also In re Gulli, 174 Vt. 580, 582 n.* (2002) (mem.) (noting that standing requirements of § 4465(b) are "designed to limit the number of appeals").

Indeed, 10 V.S.A. § 6085(c)(1)(E) contains the elements of constitutional standing derived from Article III § 2 of the Vermont Constitution. In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (comparing party status under 10 V.S.A. § 6085(c)(1)(E) with constitutional standing requirements); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (articulating the federal standing requirements); Parker, 169 Vt. at 77–78 (adopting the federal standing requirements).

Under Act 250, interested person status requires a showing of the reasonable possibility of harm to an individual's particularized interest. See 10 V.S.A. §6085(c)(1)(E); In re North East Materials Group, No. 35-3-13 Vtec. slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Aug. 21, 2013). Under 10 V.S.A. § 8504(a), "[a]ny person may intervene in a pending appeal if that person . . . is a person aggrieved," meaning "a person who alleges an injury to a particularized interest protected by the provisions of law listed in section 8503 of this title, attributable to an act or decision by a . . . district commission . . . that can be redressed by the environmental division or the supreme court." 10 V.S.A. § 8502(7).

An interested person's protected interest must be particularized; general policy concerns shared with the general public are insufficient. In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. July 2, 2010) (Durkin, J.); see also Lujan, 504 U.S. at 560 (1992); Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341 (1997); In re McLean Enters. Corp., No. 2S1147-1-EB, Mem. of Decision at 6 (Vt. Envtl. Bd. Sept 19, 2003) (Wright, J.). In addition, an appellant must show a causal link between a decision on the proposed project and an alleged harm to a particularized interest that is protected by the applicable legal standards. See In re

[those interests of] the general public." Founder's Hall Act 250, Memorandum of Decision, No. 4C0320-29, at 2 (District 4 Environmental Commission Nov. 12, 2019).

Granville Mfg. Co., No. 2-1-11 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. July 1, 2011) (Durkin, J.). Such a showing requires a factual basis that is "sufficiently concrete" rather than mere speculation. In re RCC Atlantic, Inc., No. 163-7-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 8, 2009) (Durkin, J.); In re Bennington Wal-Mart Demolition/Constr. Permit, No. 143-7-09 Vtec, slip op. at 8–9 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (requiring a showing of "a reasonable possibility that a decision on the proposed project *may* affect a person's particularized interest") (emphasis added); In re North East Materials Group, No. 35-3-13 Vtec. at 3–5 (Aug. 21, 2013).

Given these parameters, we now turn to whether demolition projects under Act 250 require a broader definition of the term "interested person" and whether Appellant has a particularized interest protected under Act 250 Criterion 8 that could be injured by a grant of Saint Michael's requested permit. These issues are addressed in order below.

**I.        Interested Party Status with respect to demolition of an historic building**

Appellant contends that the standard for accepting an interested party should be broader when the Court considers projects involving the demolition of an historic building in contrast to a construction project within an Act 250 context. The primary crux of this issue lies in the interpretation of the statutory definition of interested party. 10 V.S.A. § 6085(c)(1)(E). We note that in interpreting any statute, our primary goal is to give effect to the legislative intent and that we first look to the plain meaning of the statute. See In re Ambassador Ins. Co., 2008 VT 105, ¶ 18, 184 Vt. 408; Swett v. Haig's, Inc., 164 Vt. 1, 5 (1995).

This Court is bound by the statute and may not expand its jurisdiction beyond the expressed intent of the Legislature. In re Spring Brook Farm Found., Inc., 164 Vt. 282, 289 (1995). Act 250 was "never meant to establish [this Court's] jurisdiction over historic sites, scenic areas, wildlife, water, air, soil, or schools and highways per se. Important as these things are, their guardianship is the concern of other state agencies and administrative bodies, established by the Legislature for that purpose." In re Agency of Admin., State Bldgs. Div., 141 Vt. 68, 93 (1982). Moreover, while the purposes of Act 250 are broad, the Legislature "did not purport to reach all land use changes within the state, nor to impose the substantial administrative and financial burdens of the Act, or interfere with local control of land use decisions . . . [unless] values of state concern are implicated through large scale changes in land utilization." Id. at 76; 10 V.S.A. § 6001(3) (depicting the legislative history concerning the definition of "development"). In addition, 10 V.S.A. § 6085 does not carve out any exception in party status for demolition of historic sites.

It is a general principle of statuary interpretation to presume that the Legislature omits, adds, and removes statutory language advisedly. See Payea v. Howard Bank, 164 Vt. 106, 107 (1995); see also State v. Fuller, 163 Vt. 523, 528 (1995) (stating that it is inappropriate to expand a statute by implication by reading into it something that is not there, unless doing so is necessary to make the statute effective). Here, the statute makes no indication for a heightened or alternative definition for interested persons when a proposed project involves demolition. As such, we are unable to impermissibly expand our jurisdiction under Act 250 as Appellant requests.

**II.        Appellant's party status as an Interested Person under Criterion 8**

Appellant also claims a protected interest under Criterion 8 with respect to the Project's potential impacts on aesthetics and historic sites. Criterion 8 requires a district commission, before approving a proposed project, to find that the development "[w]ill not have an undue

adverse effect on . . . historic sites." 10 V.S.A. § 6086(a)(8). Generally, when determining if there may be a reasonable possibility of harm, the Court looks to the relative proximity of the appellant to the project and the type of harm alleged, such as noise, traffic, or aesthetics, that demonstrates a causal connection between the proposed project's adverse impacts and the person's particularized interests. In re North East Materials Group, No. 35-3-13 Vtec. at 8–9 (Aug. 21, 2013); In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jul. 2, 2010).

In the matter before us, while we recognize the concern held by Appellant, we conclude that, as a matter of law, Appellant has not alleged a reasonable possibility of harm to a particularized interest. Appellant recognizes that she does not currently reside or work near St. Michael's College and alleges that her interest stems from her status as an alumni and familial connection to the College. While other individuals may be similarly affected by this proposed development, Appellant's interest must be particular to her, concrete, and cannot be impacts affecting the common rights of all persons. In re McLean Enters. Corp., No. 2S1147-1-EB, Mem. of Decision at 6 (Vt. Envtl. Bd. Sept 19, 2003); see also In re North East Materials Group, No. 35-3-13 Vtec. at 8–9 (Aug. 21, 2013) (holding that interference with ability to enjoy the outdoors, traffic concerns, and visual, noise, and odor impacts held by nearby property owners are considered concrete under Criterion 8). To show a particularized interest, Appellant must show why her interest in preserving an historic building is distinct from other alumni or individuals of the general public with familial attachment to the College. As Appellant does not provide sufficient evidence of a particularized and concrete interest, we cannot grant her standing under Criteria 8. Thus, we **DENY** interested person status to Appellant under Criterion 8.

For the reasons detailed above, we conclude as a matter of law that Act 250 does not provide a broader and distinct definition of interested person for the demolition of historic buildings. While we recognize the sentiments expressed in Appellant's filings, we also conclude that Appellant is not entitled to party status under 10 V.S.A. § 6085(c)(1)(E) as to Act 250 Criterion 8. Therefore, Saint Michael's motion is **GRANTED** and this appeal is **DISMISSED**.

**So Ordered.**


Electronically signed on February 06, 2020 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division


Notifications:

Appellant Sara Dillon

Evan P. Meenan (ERN 1632), Attorney for the Vermont Natural Resources Board

Matthew B. Byrne (ERN 2486), Attorney for Appellee/Applicant St. Michael's College