# Charles E. Finberg v. Janet Murnane and Brendan Keleher, Treasurer, City of Burlington

[623 A.2d 979]

No. 91-485

Present: Allen, C.J., Gibson, Dooley, Morse, and Johnson, JJ.

Opinion Filed December 18, 1992

*Charles E. Finberg* of *Paul, Frank & Collins, Inc.*, Burlington, Plaintiff-Appellant.

*John L. Franco, Jr.*, of *McNeil & Murray*, Burlington, for Defendants-Appellees.

**Dooley, J.** Plaintiff appeals from a decision of the Chittenden Superior Court denying his request under the Access to Public Records Act, 1 V.S.A. §§ 315-320, for a list of names and addresses of taxpayers subject to a business gross receipts tax adopted by an ordinance of the City of Burlington. We reverse.

Plaintiff is an attorney who practices law in Burlington. Defendant Brendan Keleher is the Burlington city treasurer and

defendant Janet Murnane is the assistant city attorney. The complaint alleges that plaintiff sought from the Burlington treasurer's office a list of names and addresses of taxpayers that are subject to a special gross receipts tax levied by the city. He was handed the list, a ten page computer printout containing no financial information, but the list was then withdrawn. Subsequently, he was asked to fill out a form making an official request for the list. Some twenty days later the request was denied by a letter from defendant Murnane. The letter asserted that (1) plaintiff was not entitled to the list because the tax ordinance made the information confidential, (2) the record is exempted from disclosure under the public records act by § 317(b)(6) because it is tax return information, and (3) the record is exempted by § 317(b)(10) because it "would violate a person's right to privacy or produce public or private gain."

Approximately one week later, plaintiff brought suit in superior court and filed a memorandum of law with the complaint. The court responded by scheduling a status conference twelve days later. Shortly before the status conference, defendants filed a responsive memorandum; they did not file an answer or a motion to dismiss. Plaintiff filed a rebuttal memorandum, and the parties made legal arguments to the court. On the following day, the court dismissed the complaint because it found the records to be excepted from disclosure by virtue of 1 V.S.A. § 317(b)(6).

On appeal to this Court, plaintiff argues that the trial court was premature in dismissing the complaint because it relied upon facts outside the complaint. Plaintiff also argues that the court was wrong on the merits and that he is entitled to some relief because defendants failed to respond within the statutory time deadlines. Defendants respond that the decision was not premature and was correct on the merits and that their delay in responding was harmless.

■■ Before addressing the issues on appeal, it is helpful to examine the statutory scheme and the policy behind it. The Access to Public Records Act (the Act) is aimed at expeditious resolution of disputes over whether a citizen will have access to a public record. The custodian of the record has an obligation to produce it "promptly," 1 V.S.A. § 318(a), or within two business days certify the reasons for denial of access. *Id.* § 318(a)(2). In

unusual circumstances, the time for responding, either with disclosure or a claim of exception, can be extended up to ten working days. *Id.* § 318(a)(5). Appeals are to the superior court, which determines the matter de novo. *Id.* § 319(a). Such appeals take precedence over other matters on the docket except for cases "of greater importance" and must be "expedited in every way." *Id.* § 319(b).

■ In an appeal to superior court, "the burden is on the agency to sustain its action." *Id.* § 319(a). The Act is to be construed liberally. *Id.* § 315. A policy consideration on which the Act is grounded is that "the public interest clearly favors the right of access to public documents and public records," and under this policy "the exceptions listed in § 317(b) should be construed strictly against the custodians of the records and any doubts should be resolved in favor of disclosure." *Caledonian-Record Publishing Co. v. Walton*, 154 Vt. 15, 20, 573 A.2d 296, 299 (1990).

■■ It is also helpful to specify what is *not* involved in this dispute. It is undisputed that the treasurer's office of the City of Burlington is a public agency so that its records are subject to the Act. See 1 V.S.A. § 317(a). It is also undisputed that the list of names and addresses is an existing public record subject to disclosure unless it fits within one of the exceptions itemized in the Act. See *id.* § 317(b); compare *Welch v. Seery*, 138 Vt. 126, 129, 411 A.2d 1351, 1353 (1980) (Act does not require custodian to create record from information held by it).

With that background in mind, we examine the disclosure exception on which the court relied. The exception specifies that the following do not have to be disclosed:

> (6) a tax return and related documents, correspondence and certain types of substantiating forms which include the same type of information as in the tax return itself filed with or maintained by the Vermont department of taxes or submitted by a person to any public agency in connection with agency business;

1 V.S.A. § 317(b)(6). In applying the exception to this case, the trial court relied on a statute making nondisclosable tax "return or return information" held by the Vermont Department of Taxes. 32 V.S.A. § 3102(a). For purposes of that statute, "re-

turn" is defined as "any tax return, declaration of estimated tax, license application, report or similar document, including attachments, schedules and transmittals, filed with the department of taxes." *Id.* § 3102(b)(2). "Return information" is defined to include a person's name and address. *Id.* § 3102(b)(3).[1]

The court reasoned that the exception includes documents containing the same type of information as a tax return. Since the tax statute states that return information includes names and addresses, the court reasoned that the list of names and addresses at issue must be covered by § 317(b)(6). The court concluded, and defendants argue here, that the public records exception and the tax confidentiality statute should be read in pari materia.

■ We do not find the public records exception as clear as the trial court concluded. The exception applies to documents submitted by taxpayers to the agency and correspondence between the agency and the taxpayer. It does not cover all tax information about a taxpayer. See *State v. Freedom of Information Commission*, 441 A.2d 53, 55 (Conn. 1981) (names of tax delinquents not confidential). It does not specifically cover derivative documents—that is, separate documents made up by the agency from tax returns, related documents or correspondence. We agree, however, that to some extent such derivative documents must be covered to avoid disclosure of information taken from the return and related documents. Presumably, defendants resist disclosure of the list of names and addresses because it is such a derivative document.

■ The main weakness in defendants' position is that the limited record does not disclose the source of the names and addresses. Although they may have come exclusively from tax

---

[1] The statute has numerous exceptions to the nondisclosure rule, and one of these was the subject of debate between the parties. 32 V.S.A. § 3102(d)(3) requires the Commissioner to disclose whether "a person is registered to collect Vermont income withholding, sales and use, or meals and rooms tax . . . ." Plaintiff argued that the tax involved here is a meals and rooms tax. Defendants disputed this. We do not have to resolve this conflict, although we note that the sparse record suggests that the tax is administered so that those businesses that collect a meals and rooms tax also pay the gross receipts tax. If this is true, it shows the information involved here is available from another nonconfidential source.

returns, the record does not disclose this. They could have been generated by independent investigation of businesses subject to the tax. To the extent the information came from a nonconfidential source, it is subject to disclosure even if it also came from a confidential source. See *Denver Publishing Co. v. Dreyfus*, 520 P.2d 104, 108 (Colo. 1974).

■■ We are also not persuaded that we should read the Access to Public Records Act exception as broadly as the specific exception for tax return information held by the Vermont Commissioner of Taxes. As set forth above, we must construe the exceptions to the Act narrowly to implement the strong policy in favor of disclosure. Defendants' in-pari-materia construction undermines this policy. The normal rules of statutory construction may be inapplicable where "they do not further a statute's remedial purposes," *Clymer v. Webster*, 156 Vt. 614, 625, 596 A.2d 905, 912 (1991), or lead to a result at variance with statutory intent. See *Hill v. Conway*, 143 Vt. 91, 93, 463 A.2d 232, 233 (1983).

The exception to the Act listed in 1 V.S.A. § 317(b)(6) and the state tax return exception, 32 V.S.A. § 3102(a), are related only because each deals with taxes. In this case, however, they are applicable to different taxing authorities and different taxing schemes. They are best harmonized by viewing the Act exception as the minimum protection for tax records applicable to all taxing authorities and types of taxes, and viewing the state tax disclosure exception as a broader confidentiality policy applicable only to the state tax information the Legislature has specified. The Act excepts from disclosure "records which by law are designated confidential or by a similar term." 1 V.S.A. § 317(b)(1). This is a recognition that in specific instances the Legislature may choose to go beyond the general confidentiality policies contained in the public records exceptions.

■■ The main difference between the Access to Public Records Act exception and the state tax exception is that the tax exception, unlike that in the Act, protects tax return information and broadly defines it to include the name and address of the taxpayer. Absent such a specific provision, we do not believe the Act's exception is broad enough to cover the name and address of the taxpayer. See *Opinion of the Justices*, 303 A.2d

752, 756 (N.H. 1973) (exception is against disclosure of tax information "rather than disclosure of the fact that such records or files exist"). There is nothing personal or private about the fact that a person or business is subject to the tax; in most cases, that fact is obvious from the nature of the business. See 1 V.S.A. § 315 (Act protects "right to privacy in their personal and economic pursuits"); see also *Warden v. Bennett,* 340 So. 2d 977, 979 (Fla. Dist. Ct. App. 1976) (employee's privacy interest in address is "minimal"); *Webb v. City of Shreveport,* 371 So. 2d 316, 319 (La. Ct. App. 1979) ("We have no reasonable expectation of privacy as to our identity or as to where we live or work."). Consistent with the policy of liberal disclosure, it does not appear that § 317(b)(6) applies to the list which plaintiff seeks.

Defendants offer an alternative reason why the list is not subject to disclosure,[2] based on their view that plaintiff is seeking the list in his capacity as a lawyer for clients who are challenging the validity of the tax. They assert that he wants to use the list to solicit clients to join the challenge and that such a use is prohibited by § 317(b)(14), which excepts "records which are relevant to litigation to which the public agency is a party of record."[3] As with their first argument, the record fails to provide the factual basis for this claim. In any event, the claim is based on the theory that plaintiff's motive disqualifies him from obtaining the list. This theory is inconsistent with the basic disclosure provision of the Act, which gives "any person" the right to disclosure. 1 V.S.A. § 315; see also § 316(a) ("[a]ny person may inspect or copy any public record"). Motive is irrelevant to plaintiff's access right. See *Mans v. Lebanon School Board,* 290 A.2d 866, 867 (N.H. 1972); *M. Farbman & Sons v. New York*

[2] Defendants also argued below that the tax ordinance made the list confidential and that this source of "law" was recognized by § 317(b)(1). They have abandoned this argument here, and we do not consider it.

[3] Not surprisingly, this accusation was vigorously contested by plaintiff. Assuming it is true, defendants are relying on a very broad construction of the exception to justify their denial. Under their construction, "records . . . relevant to litigation" appears to apply to litigation not yet commenced and involve basic records about persons not part of the litigation. Although we do not have to resolve the scope of this exception in view of our disposition, it appears that defendants' construction would consume the disclosure rule.

*City Health & Hospitals Corp.*, 464 N.E.2d 437, 439, 476 N.Y.S.2d 69, 71 (1984).

There remains to be considered whether the procedural posture of this case changes the outcome. The context for this question is peculiar because plaintiff attacks the lack of a factual record for decision and defendants argue that the parties had an adequate opportunity to make a factual record but failed to do so. As noted above, defendants had the burden of showing that an exception applies. They cannot discharge this burden by conclusory claims or pleadings. They must make the specific factual record necessary to support the exception claim. See *City of New Haven v. Freedom of Information Commission*, 535 A.2d 1297, 1301 (Conn. 1988); *Evening News Association v. City of Troy*, 339 N.W.2d 421, 429 (Mich. 1983).

The only factual information defendants supplied was an affidavit of Janet Murnane that related to the timeliness of defendants' response. As defendants point out, the Legislature has required that access to public records claims be resolved expeditiously, and in this case neither side followed up on the court's offer to accept additional information. Defendants never filed a motion to dismiss or defensive pleading. In essence, both sides sought summary judgment, without affidavits, and based solely on plaintiff's complaint. See V.R.C.P. 56(a), (b) (parties can move for summary judgment with or without supporting affidavits). We cannot fault the trial judge for his expeditious ruling on the case. In these circumstances, we do not believe it is unfair to charge defendants with the responsibility of making an adequate record, or reserving the right to do so, and ruling against them when the record does not support their claim.

■ The court erred in dismissing plaintiff's complaint. Based on the record it had before it, it should have enjoined defendants from withholding the list plaintiff requested. 1 V.S.A. § 319(a). Because of our disposition, we do not reach plaintiff's additional claims that disclosure is not prevented by the provisions of the gross receipts tax ordinance and that relief is warranted by defendants' failure to respond to the request within the time deadlines established by the Act.

*Reversed and remanded.*