## Joseph GENDREAU v. John GORCZYK, et al.

[641 A.2d 95]

No. 93-059

December 21, 1993. Plaintiff appeals from a dismissal of his action requesting that defendants produce certain public records, pursuant to Vermont's Access to Public Records Act, 1 V.S.A. §§ 315–320. We reverse.

This action arose as a result of defendants' failure to produce public documents relating to the sex offender treatment program run by the Department of Corrections. Plaintiff alleges noncompliance with 1 V.S.A. § 318, and defendants deny the allegations. After some maneuvering, some documents were disclosed to plaintiff. Plaintiff, however, was not satisfied with the disclosure because he believed other documents relating to the request existed. Plaintiff filed interrogatories and other discovery, but received no response from defendants. Plaintiff then filed a motion for partial summary judgment and an affidavit, claiming that inconsistent statements by the opposing counsel had led him to believe that defendants' response to his document request was inadequate. Defendants filed no opposing affidavits.

The trial court held a hearing on the motion, at which defendants, through their counsel, claimed that plaintiff's first request, relating to

documents showing a waiver of prosecution by the Attorney General, had been fully satisfied and that no further documents existed. The court accepted defense counsel's oral representations in open court as true and resolved a disputed question of fact, namely, that other documents relating to a waiver of prosecution did not exist. The court then ordered defendants to satisfy the rest of plaintiff's request within twenty days, and further ordered that plaintiff had until January 1, 1993, to show cause why his action should not be dismissed. In response, plaintiff asserted his right to receive answers to interrogatories to prove his case, and maintained the burden was on defendants to produce, not on plaintiff to show cause. The request to compel discovery was not acted on, and when plaintiff failed to show cause, the action was dismissed.

Plaintiff raises a number of errors on appeal, which may be consolidated into two issues. The first is whether the action should have been dismissed, and the second is whether the court erred in refusing to compel defendants to answer discovery.

The action was dismissed prematurely. The parties were before the court on plaintiff's motion for partial summary judgment. Summary judgment is appropriate only when the moving party establishes there is no genuine issue as to any material fact. V.R.C.P. 56(c); *Kelly v. Town of Barnard*, 155 Vt. 296, 299, 583 A.2d 614, 616 (1990). Denial of the moving party's pleadings is an insufficient response to a Rule 56 motion. V.R.C.P. 56(e). The nonmoving party, however, may establish a genuine issue of material fact by offering affidavits, made upon personal knowledge by an affiant who is competent to testify as to the matters stated. *Id.* The trial court may also take oral testimony as to whether there is a genuine issue of material fact, although it should do so "sparingly and with great care," because the proceeding under Rule 56 should not become a preliminary trial. *Bingham v. Tenney*, 154 Vt. 96, 101, 573 A.2d 1185, 1187 (1990).

Here, the trial court committed two errors on the motion for partial summary judgment. First, it improperly accepted opposing counsel's oral representations in open court as a proper response to the summary judgment motion. Second, it used this "oral testimony" for the purpose of proving the ultimate fact in issue against the moving party. Assuming, arguendo, that representations of counsel could be accepted as evidence, the most they demonstrated here was that there was a genuine issue of material fact, i.e., that the parties disputed whether defendants were withholding documents.

The court, in effect, turned the partial summary judgment hearing into a hearing on the merits. Needless to say, plaintiff had no notice of this potential disposition. More importantly, the court improperly shifted the burden of proof to plaintiff to show cause why his action should not be dismissed. In a public records act appeal to superior court, the burden is on the agency to sustain its action. *Finberg v. Murnane*, 159 Vt. 431, 434, 623 A.2d 979, 981 (1992). The dismissal order was based on the underlying assumption that, by the show-cause deadline, plaintiff would have received all the documents to which he was entitled. He could then return to court and complain if the remaining documents ordered by the court were not produced. This was a meaningless opportunity to plaintiff for two reasons. First, the court had already resolved an essential question of fact against him and closed the issue as to the let-

ter of waiver, and second, the court did not order defendants to respond to discovery. Without discovery responses, plaintiff had no ability to judge whether he was receiving all documents to which he was entitled.

Our holding does not assume that any lawyer in the case lied to the trial court. That is not the issue. Nor is the issue whether plaintiff was actually entitled to prevail on his motion for partial summary judgment. The issue is whether the case should have been dismissed in the context of plaintiff's motion. Moreover, we emphasize, under *Finberg*, that complaints to enforce disclosure of public records are civil actions in which the plaintiff is entitled to discovery and the full application of the civil rules.

*Reversed and remanded for further proceedings not inconsistent with this opinion.*

**Morse, J.,** dissenting. Because I think that remanding this case is unnecessary, values empty technicalities over judicial discretion, and wastes limited trial court resources, I respectfully dissent.

Plaintiff's attorney sought access under the public records act to what the trial court characterized as a "letter of indulgence," a letter allegedly from the attorney general's office to the corrections department stating that it would not be prosecuted for using child pornography in its program for sexual abusers. In support of the motion, plaintiff's attorney filed an affidavit, stating why he believed such a document existed:

> Mr. Rushford [the attorney representing the corrections department] told me that the Attorney General's office had issued a letter of waiver that allows the use of child pornography in our State government. I asked Tom [Rush-

ford] to send me a copy and he agreed.

. . . .

> I talked to Thomas Rushford twice by phone . . . . Both times I asked for the . . . letter of waiver and it was promised to me. . . .
>
> [At a subsequent court hearing] I asked Tom Rushford where was the letter of waiver. He said he couldn't find the document because it was buried somewhere in Dr. Pither's files. I asked him if he [Rushford] could sign another one. Tom said that only "Jeff" could. I asked if he meant Jeff Amestoy and Tom replied affirmatively.

. . . .

> Because Tom Rushford told me on four separate occasions that the Attorney General's letter of waiver exists, including the information as to who signed it and that it includes a promise to not prosecute on the use of child pornography, I believe this document exists.

This affidavit was insufficient as a matter of law to support summary judgment in plaintiff's favor. See V.R.C.P. 56(a) (supporting affidavits must demonstrate that there is admissible evidence to show there is a genuine issue of fact for trial). Plaintiff's counsel has not established the existence of a letter based on his personal knowledge; he has only hearsay based on statements of opposing counsel.

Then, at the summary judgment hearing, Attorney Rushford represented to the court that two memoranda already provided to plaintiff's attorney were the only documents that could be construed as a letter of waiver. These memoranda were an inquiry from an attorney in the Human Services Division to an attorney in the attorney general's office about whether the corrections depart-

ment's clinical use of pornography would be an affirmative defense to criminal prosecution and a response confirming that, under 13 V.S.A. § 2824(b)(1), it would be.

When plaintiff's attorney repeated the facts alleged in his affidavit and charged that Attorney Rushford had led him to believe that an additional letter might exist under Attorney General Amestoy's signature, the trial court directly asked Rushford if such a letter existed. He responded on the record:

> Attorney Rushford: He has the letter [referring to the two memoranda already turned over]. *There is nothing else.*
>
> The court: Tom, is there any letter from the attorney general's office to corrections about, on the general subject matter of, prosecution for possession of pornographic materials?
>
> Attorney Rushford: No.
>
> The court: Is there any other document about this issue?
>
> Attorney Rushford: No.

(Emphasis added.)

At this point, plaintiff's attorney asked that Attorney Rushford sign an affidavit to this effect. The court responded that this was not necessary because Rushford had made his statement in open court. The trial court accepted Rushford's representation, believing that an attorney's obligation to be truthful to the court made his statement equivalent to a signed affidavit. See DR 1-102(A)(4) (lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation"). DR 7-102(A)(3).

Plaintiff's attorney's assertion that the letter of waiver existed was based solely on Mr. Rushford's prior statements. To the extent that petitioner's attorney's affidavit and assertions on the record were even legally sufficient to raise the existence of the waiver letter, Mr. Rushford's unequivocal denial to the court that there was such letter resolved the issue. Granting partial summary judgment was appropriate because the court had determined that there was no issue of material fact.

At oral argument before this Court, Rushford repeated his statements.

> The Court: Are you aware of any document that the plaintiff wants that you have not turned over?
>
> Attorney Rushford: None. Absolutely none.

I do not think we should assume, without any evidence to the contrary, that a member of the bar would fail to disclose information that he had a duty to disclose under direct questioning by the trial court and this Court. I see no point in sending this back for the court to try a nonissue. Reversing and remanding for mere make-work is a waste of precious judicial resources and demoralizing to the trial court. I would affirm.

I am authorized to say that Chief Justice Allen joins this dissent.