Davison v. Caleidoscope Communication Co., No. S0436-04 CnC  (Norton, J., Nov. 8, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                             SUPERIOR COURT

Chittenden County, ss.:                                  Docket No. S0436-04 CnC

ROBERT DAVISON

v.

CALEIDOSCOPE COMMUNICATION

COMPANY

ENTRY

This matter concerns the plaintiff Robert Davison's motion for summary judgment regarding counterclaims by the defendant, Caleidoscope Communication Company. Caleidoscope provides a number of material facts that are in dispute and argues that summary judgment is premature at this stage of discovery. The court agrees. Accordingly, Mr. Davison's motion is denied.

Caleidoscope provides telecommunications consulting services throughout northern New England and New York. Mr. Davison has sued Caleidoscope, his former employer, for payment of commissions he allegedly earned as an account manager. Caleidoscope counterclaimed that Mr. Davison has violated several provisions of his employment agreement by soliciting Caleidoscope clients for his new employer, disclosing proprietary information, and retaining proprietary Caleidoscope documents.

Caleidoscope also counterclaimed that Mr. Davison breached the covenant of good faith and fair dealing and that his new employment places him in a position where he will inevitably disclose proprietary Caleidoscope information in violation of the Vermont Trade Secrets Act and his employment agreement with Caleidoscope.

Mr. Davison fails to provide a statement of undisputed facts, as required by V.R.C.P. 56(c)(2). Rather, Mr. Davison fashions his motion as a challenge that Caleidoscope, as the party with the burden of proof, must provide adequate evidence to demonstrate that material issues of fact exist with respect to its counterclaims. Rule 56(c)(2) of the Vermont Rules of Civil Procedure states that a party moving for summary judgment shall "annex[] to the motion a separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried." The Reporter's Notes explain that moving parties "must include in their Rule 56(c)(2) statements all of the facts that they have relied on in support of or in opposition to summary judgment, and that facts that are omitted from their statements will not be considered by the court in ruling on the motion." Reporter's Notes—2003 Amendment, V.R.C.P. 56. By omitting this statement, Mr. Davison essentially brings this motion in the form of a motion to dismiss under V.R.C.P. 12(b)(6) or a motion for judgment on the pleadings under V.R.C.P. 12(c). See Reporter's Notes, V.R.C.P. 56 (stating that summary motions solely regarding legal sufficiency of claims are the equivalent of Rule 12(b)(6) or Rule 12(c) motions).

Under the posture of either a Rule 12(b)(6) or a Rule 12(c) motion, the court must accept all of Caleidoscope's claims in its pleadings as true. See Richards v. Town of Norwich, 169 Vt. 44, 48–49 (1999). Under this standard, Caleidoscope overwhelmingly meets its burden to demonstrate valid counterclaims. First, by providing the employment agreement—which spells out restrictions on solicitation, disclosure of confidential information, and misuse of company documentation—and by providing allegations that Mr. Davison has violated the agreement's terms, Caleidoscope has made a prima facie case for breach of contract.

Second, every contract contains an implied covenant of good faith and fair dealing that ensures the "parties act with 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" Southface Condo. Owners Ass'n v. Southface Condo. Ass'n, 169 Vt. 243, 246 (1999) (quoting Carmichael v. Adirondack Bottled Gas Corp. of Vt., 161 Vt. 200, 208 (1993)). Caleidoscope's allegations that Mr. Davison breached his agreement in a willful, knowing, and malicious manner suffice to demonstrate a prima facie case for a breach of the implied covenant of good faith and fair dealing, because a breach in this manner shows Mr. Davison's failure to act according to Caleidoscope's justified expectations.

Finally, Caleidoscope's "inevitable disclosure" claim is a novel theory under

Vermont law. In essence, Caleidoscope argues that Mr. Davison's current job more-or-less requires him to rely upon confidential information that is protected by his former employment agreement and the Vermont Trade Secrets Act. See PepsiCo, Inc. v. Redmond, 54 F.3d 1262, 1269–70 (7th Cir. 1995) (holding that former employee's near certain reliance on trade secrets in new job supports injunctive relief). Not all states have accepted the inevitable disclosure doctrine. See, e.g., Whyte v. Schlage Lock Co., 125 Cal. App. 4th 1443, 1458–64, 125 Cal. Rptr. 2d 277, 290–94 (Cal. Ct. App. 2002) (holding that doctrine unjustly converts a confidentiality agreement into noncompete agreement); LeJeune v. Coin Acceptors, Inc., 849 A.2d 451, 469–71 (Md. 2004) (holding that doctrine would compromise state policy in favor of employee mobility). The Vermont Supreme Court has expressed reservations about implicit proscriptions on individuals to freely engage in commercial activity, see, e.g., Roy's Orthopedic, Inc. v. Lavigne, 142 Vt. 347, 350 (1982), but the Court has not explicitly ruled on whether the inevitable disclosure doctrine is available in Vermont. The Court has cautioned against dismissing a cause of action on pleadings where the theory of liability is novel. In re A.G., 151 Vt. 167, 169 (1989). Hence, Caleidoscope has a valid counterclaim on this theory, and the court shall permit Caleidoscope to bring its counterclaim with further development of the evidence.

Even if the court were to make a more searching inquiry into Caleidoscope's counterclaims akin to a summary judgment ruling, Caleidoscope still meets its burden to defeat Mr. Davison's motion. On a summary judgment motion, the court must provide the nonmoving party all benefit of doubt, resolving all factual disputes in the nonmoving party's favor as long as the party has provided admissible evidence, on personal knowledge, in support of its factual disputes. Gendreau v. Gorczyk, 161 Vt. 595, 596 (1993) (mem).

Caleidoscope has met its burden here by providing an affidavit from Zoltan Keve, a company representative. Mr. Keve not only detailed aspects of Mr. Davison's employment with Caleidoscope, but he also provided personal knowledge of Mr. Davison's recent activities in breach of his agreement with Caleidoscope. Mr. Keve included specific clients that Mr. Davison has solicited, and he stated that he knew of these activities because he had seen Mr. Davison's proposals to these clients. Although Mr. Keve's affidavit was not as specific as it could have been with regard to what he actually knows about Mr. Davison's activities, it satisfies Caleidoscope's burden at this stage. Specific details are not essential at this point because one can expect them to emerge only after more complete discovery, including depositions that the parties have not yet started. See Doe v. Doe, 172 Vt. 533, 534 (2002) ("A party opposing summary judgment must be afforded 'an adequate opportunity to engage in discovery before being required to respond to the motion.'" (quoting Al Baraka Bancorp (Chicago), Inc. v. Hilweh, 163 Vt. 148, 156 (1994))).

ORDER

For the foregoing reasons, Mr. Davison's motion is DENIED.


Dated at Burlington, Vermont, November 8, 2004.




_____/s/_____

Richard W. Norton Judge