Patricio JIMENEZ, Plaintiff,

v.

The CITY OF NEW YORK, Detective James Quilty, Detective Miguel Lopez, and John/Jane Doe #1, Defendants.

14-cv-2994 (SAS)

United States District Court, S.D. New York.

Signed February 5, 2016

For Plaintiff: Gregory P. Mouton, Jr., Esq., The Law Office of Gregory P. Mouton, Jr., 305 Broadway, 14th Floor, New York, NY 10007, (646) 706-7481

For Defendants: Tobias E. Zimmerman, Senior Counsel, City of New York Law Department, 100 Church Street, New York, NY 10007, (212) 356-2661

## MEMORANDUM OPINION AND ORDER

SHIRA A. SCHEINDLIN, UNITED STATES DISTRICT JUDGE:

### I. INTRODUCTION

On December 9, 2015, this Court issued an Opinion and Order (the "December 9 Opinion") levying fees against Patricio Jimenez and sanctions against his counsel, Gregory Mouton, in the amount of $19,075. Plaintiff moves for reconsideration of the December 9 Opinion, arguing that this Court committed clear error (1) in deeming defendants' motion for fees and sanctions timely filed and (2) in levying sanctions against Mouton for preparing and submitting an affidavit containing statements so clearly inapposite to the factual record as to be patently unbelievable. For the following reasons, plaintiff's is DENIED in all respects.

### II. DISCUSSION

#### A. Legal Standard

The standard for granting a motion for reconsideration is strict. " '[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.' "[1] "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' "[2] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[3]

The purpose of Local Rule 6.3 is to " 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.' "[4] Local Rule 6.3 must be " 'narrowly

---

1. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).

2. *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F.Supp.2d 713, 715 (S.D.N.Y.2003)).

3. *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quotation omitted). *See also Shrader*, 70 F.3d at 257 (describing grounds for reconsideration as "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

4. *In re Optimal U.S. Litigation*, 813 F.Supp.2d 383, 387 (S.D.N.Y.2011) (quoting *Grand Crossing, L.P. v. United States Underwriters*

construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'"[5] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[6] A motion for reconsideration is not an "'opportunity for making new arguments that could have been previously advanced,'"[7] nor is it a substitute for appeal.[8]

### B. Timeliness of Defendants' Motion

■ Plaintiff argues that this Court committed clear error in finding that defendants' motion for fees and sanctions was untimely, but retroactively extending the filing deadline by one day due to defendants' excusable neglect in determining the 14-day filing window for their Rule

54(d)(2)(B) motion began to run upon the clerk's entry of final judgment—as opposed to the date of the Court's summary judgment opinion. Upon reconsideration, I now conclude that defendants' motion for fees and sanctions was timely.[9]

Plaintiff argues in his reply brief that I may not consider defendants' arguments that their motion was timely in deciding plaintiff's motion for reconsideration. However, plaintiff raised the question of timeliness in his motion for reconsideration (arguing that the Court committed clear error in finding the motion untimely but granting a retroactive extension due to excusable neglect). This Court therefore considers all arguments regarding the timeliness of defendants' motion in resolving plaintiff's motion for reconsideration, including defendants' argument that their motion was timely, obviating the need for a finding of excusable neglect.[10]

---

Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y.2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

5. *Simon v. City of New York*, No. 14 Civ. 8391, 2015 WL 4092389, at *1 (S.D.N.Y. July 6, 2015) (quoting *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009)).

6. *Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740, 2015 WL 6870490, at *2 (S.D.N.Y. Nov. 9, 2015) (quoting *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)).

7. *Stone v. Theatrical Inv. Corp.*, 80 F.Supp.3d 505, 506 (S.D.N.Y.2015) (quoting *Associated Press v. United States Dep't of Defense*, 395 F.Supp.2d 17, 19 (S.D.N.Y.2005)).

8. *See Amtrust North America, Inc. v. Safebuilt Ins. Servs., Inc.*, No. 14 Civ. 9494, 2015 WL 9480080, at *1 (S.D.N.Y. Dec. 22, 2015).

9. Defendants urge the Court to amend the December 9 Opinion under Rule 60(a) of the Federal Rules of Civil Procedure to find the original motion for fees and sanctions to be timely. Rule 60(a), however, only "provides a remedy when the Court's order 'fails to reflect the actual intention of the court.'" *Feldman Law Group P.C. v. Liberty Mut. Ins. Co.*, 819 F.Supp.2d 247, 266 (S.D.N.Y.2011) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir.1994)). Rule 60(a) is inapplicable to this case.

10. *See, e.g., Brown v. City of Oneonta*, 858 F.Supp. 340, 342 (N.D.N.Y.1994) (refusing to consider opposition arguments that were outside the scope of movant's brief, but considering arguments related to the arguments raised in movant's brief). *Cf. MyPlayCity, Inc. v. Conduit Ltd.*, No. 10 Civ. 1615, 2012 WL 1107648, at *9 (S.D.N.Y. Mar. 30, 2012) (citing *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991)) (confirming, in the summary judgment context, that a court may decide in favor of the non-movant without the filing of a cross-motion).

The Court's Opinion and Order granting defendants' motion for summary judgment was dated September 24, 2015. The following day, September 25, 2015, the Clerk of the Court entered a separate judgment— as required by Rules 58 and 79 of the Federal Rules of Civil Procedure. As set forth in the Advisory Committee Note to Rule 58, "the time for making motions under Rule[ ] ... 54(d)(2)(B) ... never begins to run" without the filing of this separate document.[11] The 14-day window for filing a Rule 54(d)(2)(B) motion began on September 25, 2015, when the Clerk of the Court entered judgment. Defendants' motion, filed on October 9, 2015, was therefore timely.[12]

### C. Applicability of Sanctions

■■■ Plaintiff argues that this Court committed clear error in levying sanctions against plaintiff's counsel under Rule 56(h) of the Federal Rules of Civil Procedure. Specifically, plaintiff argues that this Court misapplied the Second Circuit's standard for sanctionable behavior under Rule 56(h), and that this Court failed to consider evidence in the record that made it "objectively reasonable for [Mouton] to have relied on Mrs. Jimenez's statements, even if her statements were suspect."[13] Plaintiff is incorrect on both counts.

The Court awarded sanctions against plaintiff's counsel under Rule 56(h) based on its finding that the affidavit of Mrs. Jimenez in opposition to defendants' mo-

tion for summary judgment—drafted and submitted by Mouton—was so obviously contradicted by the entirety of the record, and so likely perjurious, that it was "too fanciful to be believed."[14] Mouton quibbles with the Court's language in its opinion, claiming that I did not specifically find that his client committed perjury or that he was aware of the perjurious statements in the affidavit. I decline Mouton's somewhat surprising invitation to make an express finding of perjury against his client; such a finding is unnecessary. My views on the veracity of Mrs. Jimenez's affidavit are plainly set forth in the December 9 Opinion. When Mouton wrote and submitted this affidavit, he was aware of the existence of the many records and statements (including the statements of the affiant herself) undercutting Mrs. Jimenez's testimony—records and statements whose veracity plaintiff's counsel has never directly impugned. This Court made an inference, given the overwhelming weight of this record, that Mouton knew Mrs. Jimenez's story was false, and Mouton nonetheless submitted the affidavit. To the extent the December 9 Opinion is unclear: this is a finding of actual knowledge on Mouton's part.

■■■ There is no clear error to correct. Plaintiff argues that "an attorney who relies on a client's verification made under penalty of perjury is not acting in bad faith ...."[15] However, plaintiff fails to mention the sentence directly preceding this quote:

---

11. Fed. R. Civ. P. 58 2002 Advisory Committee Note. *Accord Perez v. AC Roosevelt Food Corp.*, 734 F.3d 175, 176–77 (2d Cir.2013) ("Where a separate document is required [by Rule 58], entry occurs ... [when] the judgment or order is set forth in a separate document.") (quotation omitted).

12. To the extent a reviewing court determines the motion was, in fact, untimely, I continue to conclude that defendants' untimely filing was excusable neglect worthy of a one day retroactive extension.

13. Plaintiff's Memorandum of Law in Support of Motion for Reconsideration ("Pl. Mem.") at 8.

14. *Jimenez v. City of New York*, 162 F.Supp.3d 173, 181, No. 14 Civ. 2994, 2015 WL 8489975, at *5 (S.D.N.Y. Dec. 9, 2015).

15. *Braun ex rel. Advanced Battery Techs., Inc. v. Fu*, No. 11 Civ. 4383, 2015 WL 4389893, at *16 (S.D.N.Y. July 15, 2015).

"[A]n attorney may not be found to have acted in bad faith when he or she has relied on a client's statements as to factual claims *when those statements are objectively reasonable.*"[16] Mouton cannot hide behind his client's affirmation to shield himself from the consequences of his actions. Over the entire course of this action, Mouton attempted to suppress the various medical records conclusively demonstrating that Mrs. Jimenez reported a domestic assault to numerous individuals. When that tactic failed, and Mouton had failed to produce a scintilla of evidence supporting Mr. Jimenez's false arrest claims, he produced an affidavit the contents of which—given everything else in the record—were more than just objectively unreasonable, they were absolutely fanciful. That Mrs. Jimenez signed the document under penalty of perjury does not absolve Mouton.[17]

Mouton suggests that the "evidence" he submitted in opposition to defendants' motion for fees and sanctions demonstrates that it *was* objectively reasonable for him to rely on Mrs. Jimenez's statements in preparing and submitting her affidavit, and that this Court therefore committed clear error by not resolving any doubts as to good faith in his favor.[18] It did not. This Court reviewed Mouton's declaration together with plaintiff's opposition to defendants' motion for fees and sanctions. The declaration in no way addressed the crux of the issue: the lack of any explanation for dismissing the numerous, independent, disinterested accounts of medical professionals and support staff and the previous conflicting statements of Mrs. Jimenez, all of which directly undercut her affidavit. Instead, it largely re-presented the same handful of collateral and/or outright misleading facts this Court considered and rejected in deciding defendants' motion for summary judgment.[19]

There were no doubts to be resolved in Mouton's favor. In the face of overwhelming evidence, including conflicting previous statements from the affiant, and after this Court explicitly warned Mouton of the potential consequences of submitting a false affidavit, Mouton drafted and submitted an affidavit to this Court containing statements "too fanciful to be believed."[20] This

---

16. *Id.* (quotation omitted) (emphasis added).

17. Where a false or misleading affidavit has been submitted, district courts are well within their rights to levy sanctions against an attorney and his client, jointly and severally. *See, e.g., Warshay v. Guinness PLC*, 750 F.Supp. 628, 640–41 (S.D.N.Y.1990) (imposing sanctions under Rule 56(g) on party and attorney, jointly and severally, for submission of a misleading affidavit); *Marine Midland Bank v. Goyak*, No. 84 Civ. 1204, 1984 WL 3654, at *4 (S.D.N.Y. July 12, 1984) (imposing sanctions under Rule 56(g) on party and attorney, jointly and severally, for submitting an affidavit in bad faith). *Accord Bowers v. Rector & Visitors of the Univ. of Virginia*, No. 3:06cv00041, 2007 WL 2963818, at *6–8 (W.D.Va. Oct. 9, 2007) (imposing sanctions under Rule 56(g) on counsel who "with reckless disregard for accuracy" prepared an affidavit that "demonstrate[d] an abject failure to exercise rudimentary legal judgment.").

18. *See* Pl. Mem. at 8.

19. These facts are: (1) the existence of 911 call reports indicating Mrs. Jimenez claimed she had fallen in her bathroom, which are undercut by the ambulance SPRINT report indicating Mrs. Jimenez reported a domestic assault once she was in the ambulance; (2) minor errors in the Domestic Incident Report prepared at Harlem Hospital Center (misidentifying Mrs. Jimenez's ethnic categorization as "Black Hispanic" and misidentifying her husband's last name as "Hernandez"); and (3) a statement by an attorney for Mount Sinai Hospitals Group, Inc., speculating as to the availability of interpreter services at the Harlem Hospital Center—a different entity, with different counsel—at a premotion conference before this Court, mischaracterized by Mouton as an admission that there was no interpreter available to Mrs. Jimenez at Harlem Hospital Center on the night she was treated.

20. *Jimenez,* 162 F.Supp.3d at 181, 2015 WL 8489975, at *5.

"willful blindness"[21] to the "very likely perjurious"[22] statements of the affiant "rises to the level of egregious behavior requiring a finding of bad faith."[23]

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is directed to close this motion (Dkt. No. 132).

SO ORDERED.

21. *Id.* at 183, 2015 WL 8489975 at *7.

22. *Id.* at 182, 2015 WL 8489975 at *6.

23. *Id.* at 183, 2015 WL 8489975 at *7.