*Wool v. Burlington Police Dept. et al.*, No 327-6-15 Wncv (Tomasi, J., June 13, 2016).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 327-6-16 Wncv |
| Kirk F. Wool,<br>　　　Plaintiff<br><br>　　　v.<br><br>Burlington Police Department,<br>Miro Weinberger,<br>　　　Defendants | |

### Opinion and Order on Request for Production of Public Records

On June 13, 2016, this matter came for hearing before the Court on Petitioner's motion for Respondent to release unredacted copies of a victim statement and a deposition, pursuant to Vermont's Access to Public Records Act. The Respondent produced the requested records but redacted the names and other personal identifying information from the records. Petitioner appeared at the hearing and represented himself. Respondent appeared and was represented by Senior Assistant City Attorney Eugene Bergman. The Court makes the following determinations.

1.　　The Court agrees with Respondent that its response to Petitioner's request was timely. It responded to the request within five business days from its receipt of the request. 1 V.S.A. § 318(c)(1).

2.　　The City properly redacted the personal information from the documents.

A.　　Under 1 V.S.A. § 317(c)(5)(A), the documents at issue relate directly to the investigation of the crimes for which Respondent is currently serving a jail sentence, and are plainly "[r]ecords dealing with the investigation and detection of crime."

B.　　The Vermont Legislature has gone out of its way to underscore its desire that personal information concerning witnesses that appears in such records not be subject to disclosure. Section 317(c)(5)(D) provides that: "a public agency shall not reveal . . . the identity of a private individual who is a witness to or a victim of a crime, unless withholding the identity . . . would conceal government wrongdoing." In the Court's view, the "identity" of a witness would also include personally identifying information, such as birthdate, social security number, and

home address. Such information could easily be used to locate and harass such persons.

Here, Petitioner has indicated at the hearing that he was hoping to provide the information to journalists to see if they would be interested in investigating his convictions. This does not provide a sufficient basis for the Court to find that disclosure of the requested personal information in this case would uncover "government wrongdoing." Indeed, the redacted information is a very small portion of the records that were produced, and any governmental conduct is revealed through the portions of the records already produced. Accordingly, Respondent properly redacted the personal identifying information under Section 317(c)(5)(D).

C.      The Legislature has also adopted 1 V.S.A. § 317(c)(5)(A)(iii), which more generally precludes disclosure of criminal investigative records where doing so would be an "unwarranted invasion of personal privacy." In construing that provision, the Legislature has stated that Courts are to be guided by federal decisions interpreting the parallel provision of the federal Freedom of Information Act. *Id*. § 317(c)(5)(C). The federal cases interpreting the federal exemption establish that witnesses and interviewees in this setting have important privacy interests in maintaining their anonymity. "[D]isclosure of records containing personal details about private citizens can infringe significant privacy interests." *United States Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 766 (1989). As one court had noted, "the privacy interests of such individuals must weigh heavily against disclosure." *Garcia v. United States Dep't of Justice*, 181 F. Supp. 2d 356, 371 (S.D.N.Y. 2002).

The United States Supreme Court has explained how to balance the competing interests of disclosure of public records and of protection of personal privacy as follows:

> FOIA is often explained as a means for citizens to know " 'what their Government is up to.' " *Id*., at 773, 109 S.Ct. 1468. This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy. The statement confirms that, as a general rule, when documents are within FOIA's disclosure provisions, citizens should not be required to explain why they seek the information. A person requesting the information needs no preconceived idea of the uses the data might serve. The information belongs to citizens to do with as they choose. Furthermore, as we have noted, the disclosure does not depend on the identity of the requester. As a general rule, if the information is subject to disclosure, it belongs to all.

> When disclosure touches upon certain areas defined in the exemptions, however, the statute recognizes limitations that compete

with the general interest in disclosure, and that, in appropriate cases, can overcome it. In the case of Exemption 7(C), the statute requires us to protect, in the proper degree, the personal privacy of citizens against the uncontrolled release of information compiled through the power of the State. The statutory direction that the information not be released if the invasion of personal privacy could reasonably be expected to be unwarranted requires the courts to balance the competing interests in privacy and disclosure. To effect this balance and to give practical meaning to the exemption, the usual rule that the citizen need not offer a reason for requesting the information must be inapplicable.

Where the privacy concerns addressed by Exemption 7(C) are present, the exemption requires the person requesting the information to establish a sufficient reason for the disclosure. First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted.

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171-72 (2004).[1]

In this instance, Petitioner's proffered reason for access to the redacted information does not satisfy the *Favish* test. As numerous cases have held, personal interest in examining one's own conviction provides an insufficient link to a public interest. *See Garcia*, 181 F. Supp. 2d at 372 (collecting cases noting same). Instead, as with Section 317(c)(5)(D), there must be some connection to possible governmental misconduct. As the *Favish* Court held: to overcome a valid privacy interest the "requestor must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." 541 U.S. at 174. In this case, Petitioner has made no such showing.[2]

---

[1] Petitioner's contention that Respondent must show that the redacted information concerns actual "witnesses" to the crime is meritless. The exemptions cannot be subject to such a cramped construction. The Court believes that the privacy interests protected by these exemptions extend to persons whose personal information came into the hands of law enforcement in connection with the investigation of criminal activity. *See Favish*, 541 U.S. at 171-72; *Garcia*, 181 F. Supp. 2d at 372-73. Those persons may provide important information concerning the criminal activity and can also be subject to harassment due to their involvement.

[2] Petitioner has cited *Finberg v. Murnane*, 159 Vt. 431, 437-38 (1992), for the proposition that it is improper to place the burden on him to show the documents would uncover wrongdoing and that his motive is immaterial. Petitioner is

WHEREFORE, Petitioner's request for unredacted documents is denied.

Electronically signed on June 13, 2016 at 2:18 PM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

incorrect. *Finberg* dealt with a different provision of the law, and the Court concluded that there were only minimal privacy interests at issue. *Id.* The provisions at issue here, which concern criminal investigatory records, have specific statutory language establishing a privacy interest and also incorporate interpretations of similar exemptions under federal law. The statutory language and the federal precedents in this area show that Petitioner has the burden of overcoming the significant privacy interests at stake in this context.