16-34-cv
*Jimenez & Mouton v. City of New York, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
                        *Circuit Judges.*

_____

PATRICIO JIMENEZ,

                *Plaintiff-Appellant,*                          16-34-cv

GREGORY PAUL MOUTON, JR.,

                *Appellant,*

                v.

CITY OF NEW YORK, DETECTIVE JAMES QUILTY,
DETECTIVE MIGUEL LOPEZ,

                *Defendants-Appellees,*

JOHN/JANE DOE #1,

                *Defendant.*[1]

_____

[1] The Clerk of Court is directed to amend the caption as shown above.

1

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | BRIAN J. ISSAC, Pollack, Pollack, Isaac & De Cicco, LLP (Michael H. Zhu, Pollack, Pollack, Isaac & De Cicco, LLP; Gregory P. Mouton, Jr., Law Offices of Gregory P. Mouton, *on the brief*), New York, NY. |
| **FOR APPELLANT:** | BRIAN J. ISSAC (Michael H. Zhu, *on the brief*), Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JEREMY W. SHWEDER (Richard Dearing, *on the brief*), of Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED** in part and **VACATED** in part.

Plaintiff-appellant Patricio Jimenez ("Jimenez") and his attorney, appellant Gregory Paul Mouton, Jr. ("Mouton"), appeal from a December 9, 2015 order of the District Court partially granting a motion by defendants-appellees Detective James Quilty, Detective Miguel Lopez, and the City of New York for attorneys' fees and sanctions. The District Court awarded fees against Jimenez pursuant to 42 U.S.C. § 1988 and sanctions against Mouton pursuant to Fed. R. Civ. P. 56(h) in the amount of $19,075 for which both were jointly and severally liable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. Timeliness

Jimenez and Mouton's argument that the fees and sanctions motion was untimely is unavailing. The District Court's December 9, 2015 order found that while the defendants-appellees' motion was untimely, the defendants-appellees had nonetheless established excusable neglect. *Jimenez v. City of New York*, 162 F. Supp. 3d 173, 179–80 (S.D.N.Y. 2015). Jimenez and Mouton argue only that the finding of excusable neglect was erroneous. On February 5, 2016, however, the District Court on reconsideration corrected its holding and found that the motion was timely. *Jimenez v. City of New York*, 166 F. Supp. 3d 426, 429–30 (S.D.N.Y. 2016). Jimenez and Mouton have accordingly waived their timeliness argument. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,

412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued these arguments in the district court or raised them in a reply brief.").

## B.  Sanctions

We review all aspects of a district court's decision to impose sanctions for abuse of discretion. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 154 (2d Cir. 1997) (addressing sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and inherent power). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art"). Federal Rule of Civil Procedure 56(h) allows a district court to sanction "[a]n offending party or attorney" if the court is "satisfied" that an affidavit submitted under Rule 56 "is submitted in bad faith or solely for delay." Bad faith may be found when an attorney's actions are "so completely without merit . . . that they must have been undertaken for some improper purpose." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) (internal quotation marks omitted) (defining bad faith under § 1927 and the court's inherent powers).

Here, the District Court did not abuse its discretion by sanctioning Mouton under Rule 56(h). It properly recognized that the affidavit of Jimenez's wife, Maribel Gonzalez Mosso Jimenez ("Mrs. Jimenez"), was likely perjurious as it was "entirely unsupported by any other evidence in the record" and was contradicted by consistent contemporaneous accounts of disinterested third parties. *Jimenez*, 162 F. Supp. 3d at 182. There is no dispute that Mouton drafted Mrs. Jimenez's affidavit on her behalf, that he read it to her through a translator before she signed the document, and that he knew of the contradictory documents in question. Most alarmingly, the affidavit asserted for the first time that Mrs. Jimenez's daughter, not Detective Lopez, translated the conversations between Mrs. Jimenez and Detective Quilty, which contradicted every other pleading submitted by the plaintiff. The District Court concluded, within its discretion, that this new discrepancy "could only have been inserted into the affidavit by plaintiff's counsel" to question Detective Quilty's credibility, and that it was inserted with knowledge that it was inaccurate or with willful blindness to its inaccuracy. *Id.* None of Mouton's explanations on this appeal for why he reasonably believed the affidavit to be true, given the strength of the countervailing accounts, are enough for us to find that the District Court "rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d at 132.

## C.  Attorneys' Fees

We also review the grant of attorneys' fees under 42 U.S.C. § 1988 for "abuse of discretion." *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006). A prevailing defendant should not be awarded

fees unless a court finds that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees" in favor of a defendant. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). Courts should not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir. 1998) (quoting *Christiansburg*, 434 U.S. at 421–22). "As the decisions of this Court demonstrate, it is very rare that victorious defendants in civil rights cases will recover attorneys' fees." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006).

Applying these principles here, we conclude that the District Court abused its discretion by awarding attorneys' fees to defendants-appellees against Jimenez. The District Court relied primarily on Mrs. Jimenez's affidavit to conclude that Jimenez's entire case was patently frivolous. This reliance on the affidavit, filed for the purpose of summary judgment, is *post hoc* reasoning that does not entitle the defendants-appellees to attorneys' fees from Jimenez.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Jimenez and Mouton on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 9, 2015 order of the District Court as to the sanctions imposed on Mouton, and **VACATE** the order as to the attorneys' fees imposed on Jimenez.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk