Filed 01/14/26

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT  05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01083

| Kathleen Lovell v. Town of Morristown |
| --- |

# ENTRY REGARDING MOTIONS

Title:        Defendant's motion for summary judgment; Plaintiff's cross-motion for summary judgment; Plaintiff's additional motion for summary judgment; Plaintiff's motions pursuant to Rule 56(h) (Motions: 1; 2; 5; 6; 7)

Filer:        Kevin Lumpkin; Kathleen Lovell

Filed Date:   August 01, 2025; August 29, 2025; October 15, 2025; October 22, 2025

In this case, plaintiff Kathleen Lovell appeals the denial of a public records request by the Town of Morristown. Pending before the court are the parties' opposing summary judgment and related motions. For the reasons set forth below, the motions for summary judgment are granted in part and denied in part, and plaintiff's other pending motions are denied.

## Background

Following an incident that occurred in the Town on April 20, 2023, the Lamoille County State's Attorney charged plaintiff's son Henry Lovell with criminal charges including attempted murder, aggravated assault with a deadly weapon, kidnapping, and first-degree aggravated domestic assault. Mr. Lovell's case is awaiting trial and currently set for jury draw on May 11, 2026. *See State of Vermont v. Henry Lovell*, No. 23-CR-3835.

In late February 2025, plaintiff requested public records from the Town relating to the April 20, 2023 incident including electronic copies of "all probable cause and supplemental affidavits," "all dispatch narratives," "all body worn camera video footage," and "any documentation of [plaintiff's] image or voice or statements from paperwork or interviews or interrogations or anything at all, in April and May 2023." Attachment to Compl. ¶¶ 2-3. The State's Attorney has indicated these documents are expected to be evidence in Mr. Lovell's upcoming trial.

After requesting an extension to respond, the Town denied the requests on March 10 because they pertained to a pending criminal case. The Town cited the Rules for Public Access to Court Records in its denial. After plaintiff appealed to the Town's designated "head of agency" under 1 V.S.A. § 318(c)(1), the Town again denied the request and cited the Access to Public Records Act, specifically 1 V.S.A. § 317(c)(5)(A), which contains an exemption for "[r]ecords dealing with the detection and investigation of crime, but only to

1

the extent that the production of such records . . . would deprive a person of a right to a fair trial or an impartial adjudication." The Town explained that Mr. Lovell's criminal case was expected to go to trial in the coming months and that the State's Attorney had advised the Town that public disclosure of the requested materials could taint the jury pool and prejudice either Mr. Lovell's or the State's ability to present the case to a jury.

Plaintiff then filed this action under 1 V.S.A. § 319 to compel the Town to produce the requested records. Both parties have moved for summary judgment. Plaintiff has also moved the court to declare that the Town's supporting declarations were submitted in bad faith under Vermont Rule of Civil Procedure 56(h).

## Analysis

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hier v. Slate Valley Unified Sch. Dist.*, 2025 VT 2, ¶ 8 (quoting V.R.C.P. 56(a)). The initial burden falls on the moving party to show an absence of dispute of material fact. *Couture v. Trainer*, 2017 VT 73, ¶ 9, 205 Vt. 319 (citing V.R.C.P. 56(a)).

Under the Public Records Act, any person may "inspect or copy any public record of a public agency." 1 V.S.A. § 316. The Town is a "public agency" under the Act. *See* 1 V.S.A. § 317(a)(2) (defining "public agency" to include "any political subdivision of the State"). Unless an exception applies, "the custodian of a public record shall," upon request, "produce the record for inspection or a copy of the record." 1 V.S.A. § 318(a)(1), (b).

As noted above, the Town relies on the exemption for "[r]ecords dealing with the detection and investigation of crime, but only to the extent that the production of such records . . . would deprive a person of a right to a fair trial or an impartial adjudication." 1 V.S.A. § 318(c)(5)(A). The Vermont Supreme Court has not construed this provision as currently enacted. The court accordingly looks to federal case law construing the analogous provision under the Freedom of Information Act. *See* 5 U.S.C. § 552(b)(7)(B) (providing exemption from FOIA for "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would deprive a person of a right to a fair trial or an impartial adjudication"); 1 V.S.A. § 317(c)(5)(C) ("It is the intent of the General Assembly that in construing subdivision (A) of this subdivision (5), the courts of this State will be guided by the construction of similar terms contained in 5 U.S.C. § 552(b)(7) (Freedom of Information Act) by the courts of the United States.").

Under the federal standard, which the court applies here, the withholding agency must show that a trial is "pending or truly imminent," and that it is "more probable than not that disclosure of the material sought would seriously interfere with the fairness of those proceedings." *See N.Y. Times Co. v. U.S. Dep't of Justice*, No. 16 Civ. 6120, 2017 WL 4712636 (S.D.N.Y. Sept. 29, 2017) (citing *Wash. Post Co. v. U.S. Dep't of Justice*, 863 F.2d

96, 102 (D.C. Cir. 1988)). The Town has met that burden. Mr. Lovell faces serious criminal charges, which remain pending. His case is scheduled to go to trial in May. The Town has shown, without contradiction, that the State intends to rely on the requested records at trial. The court concludes based on the summary judgment record that it is more likely than not that pretrial disclosure of the requested materials could taint the relatively small jury pool in Lamoille County and prejudice the parties' ability to present their case to an impartial jury.[1]

But the exemption on which the Town relies is limited by 1 V.S.A. § 317(b)(5)(B), which provides that "[n]otwithstanding subdivision (A) . . . records reflecting the initial arrest of a person . . . and records reflecting the charge of a person shall be public." This provision unambiguously carves out from the Town's cited exemption records that merely reflect Mr. Lovell's initial arrest and subsequent criminal charge. These records must be made public. It is the Town's obligation to identify and disclose what records are covered by this carve-out in the first instance but the required disclosures include, at minimum, any probable cause affidavit in Mr. Lovell's case. *See Oblak v. Univ. of Vermont Police Servs.*, 2019 VT 56, ¶ 16, 210 Vt. 550 ("[T]he public has a right to access the affidavit of probable cause because it is an agency record that falls outside of the PACR Rules and does not qualify as confidential under the PRA.").

The court has reviewed plaintiff's motions concerning the affidavits of State's Attorney Gerhardt and Chief Luneau and discerns no basis to conclude they were made in bad faith within the meaning of Rule 56(h). *See Jimenez v. City of New York*, 666 F. App'x 39, 41 (2d Cir. 2016) ("Bad faith may be found when an attorney's actions are so completely without merit . . . that they must have been undertaken for some improper purpose.").

### Order

The motions for summary judgment are GRANTED IN PART AND DENIED IN PART as set forth above (Motions 1, 2, 5). Plaintiff's motions under Rule 56(h) are DENIED (Motions 6, 7).

Electronically signed on: 1/13/2026 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge

---

[1] The court declines the parties' invitation to opine how plaintiff might use the records if disclosed. "Motive is irrelevant to plaintiff's access right." *Finberg v. Murnane*, 159 Vt. 431, 437 (1992).

3